CHARLES C. MOORE, Defendant in Error, *vs.* JOAN MOORE, Plaintiff in Error.

1. *Witnesses. Divorce. In suits of, husband and wife may testify, when.*—Under ¿ 1 of the act concerning witnesses, (Wag. Stat. 1372) where husband and wife are opposing parties, as in suits for divorce, they are competent as witnesses to give evidence as to all matters except communications made by the one to the other.

*Error to Scott Circuit Court.*

*Myers, Ward, Watkins & Patterson,* for Plaintiff in Error.

*Lewis Houck,* for Defendant in Error.

Although as a general rule husband and wife cannot testify against each other, this rule only excludes confidential communications and does not extend to facts equally accessible to any person not standing in that relation. 1 Greenlf. Ev. § 254. In Hoffman v. Hoffman, 43 Mo. 551, top of page, it seems the plaintiff testified.

ADAMS, Judge, delivered the opinion of the court.

This was a suit for divorce by a husband against his wife, in which a judgment was rendered in his favor.

The husband was allowed to testify as a witness on his own behalf, and the only question presented for our consideration is whether he was competent. This involves the proper construction of the first section of chapter 144, General Statutes (Wag. Stat., 1372, § 1), which enacts that "no person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same, as a party or otherwise, but such interest may be shown for the purpose of affecting his credit," &c.

The language used is broad enough to embrace all persons who are parties to a suit, including husband and wife, and must be so construed , unless they be excluded as incompetent by some other provisions of our statutes. Section 8 of the same chapter (Wag. Stat., 1374, Sec. 8) excludes several classes of persons as incompetent to testify, but husband and

wife are not named in this section as one of the classes. This section is a revision of section 6 of chapter 168 (2d R. C. 1855, p. 1577,) the fifth sub-division of which reads as follows: "Fifth—Husband and wife, for or against each other, or concerning any communication made by one to the other during marriage, whether called as a witness while the relation subsisted or afterwards, except in pleas of the state against the husband or wife for some breach of peace, misdemeanor or felony committed or threatened by one upon the person of the other." As this clause was omitted in the General Statutes, it was repealed by the general clause repealing all statutes which had not been revised and included in the general statutes. This repeal left husband and wife as they were at common law. In fact this clause was only a declaration of what the common law was before its passage. But while they are not allowed to testify in regard to the communications from one to the other, on the ground of public policy, section 1, above referred to, renders them competent as witnesses when they are the opposing parties to the suit, to give evidence of other matters not communicated by one to the other.

Where they are not opposing parties they are not allowed to testify for or against each other, on the ground of public policy, except that the wife under section 5 Wagner's Statutes, page 1373, is rendered competent to testify in the following cases: "First in actions on policies of insurance of property so far as relates to the amount and value of the property alleged to be injured or destroyed; second, in actions against carriers so far as relates to the loss of property and the amount and value thereof; third, in all matters of business transactions where the transaction was had and conducted by such married women as the agent of her husband; provided that nothing in this section shall be construed to authorize or permit any married woman while the relation exists, or subsequently, to testify to any admissions or conversations of her husband, whether made to herself or third persons."

There seems to be no express or implied exclusion of husband and wife as witnesses under our statute where they are the opposing parties. It would have been an easy matter for the legislature to have excluded them in express terms. As it has not done so, either by express words or by implication, we must conclude that it was the intention of the legislature to embrace them in the first section under the term parties, as competent witnesses.

The judgment will therefore be affirmed. The other judges concur.