Berlin v. Berlin.

ANN BERLIN by her next friend, DAVID M. BERLIN, Appellant, vs. DAVID BERLIN, Respondent.

52  151
41a 381

52  151
53a 458

52  151
68a 209

52  151
94a ¹235

1. *Evidence—Husband and Wife—Witnesses—Communications.*—Communications between husband and wife are privileged and neither can testify concerning such.

2. *Evidence—Divorce—Witnesses—Husband and Wife—Competency.*—Husbands and wives are competent witnesses against each other in divorce suits. [Moore vs. Moore, 51 Mo., affirmed.]

*Appeal from St. Louis Circuit Court.*

*Mauro and Laughlin,* for Appellant.

*Krum and Patrick,* for Respondent.

The testimony of the wife and that of the husband are inadmissible in this case. The removal of a wife's disqualifications to be a witness by our statute on the ground of her interest in the event of the suit, does not remove her disability as a witness against her husband on the ground of public policy. (Johnson vs. Quarles, 46 Mo., 429; Hardy vs. Matthews, 42 Mo., 406; Dwelly vs. Dwelly, 46 Maine, 378; Mary J. Hosbrouck vs. Vandervoort, 4 Sandford, 596; 5 Selden, 153; Bird vs. Hueston, 10 Ohio, St., 418; 5 Barb., 156; Erwin vs. Smaller, 2 Sandford, 340; Wilson vs. Sheppard, 28 Ala., 623; Alcock vs. Alcock, 12 Eng. L. & Eq., 354; Manchester vs. Manchester, 24 Vt., 649.)

It cannot be said the facts of this case warranted Mrs Berlin's testimony, *ex necessitate.*

SHERWOOD, Judge, delivered the opinion of the court.

This was a proceeding instituted in the St. Louis Circuit Court on the part of Ann Berlin by her next friend David M. Berlin, against David Berlin for support and maintenance under § 1, Chapter 94, Wagner Statutes.

At the trial Ann Berlin was introduced on the part of plaintiff as a witness, and was objected to as such on the ground that, being the wife of defendant, she was incompetent to testify against him. This objection was overruled, the witness permitted to testify and defendant excepted. It was then attempted on the part of plaintiff to prove by said witness cer--

tain conversations between herself and husband and certain admissions made by him to her. This testimony was also objected to by defendant, on the ground that witness, being his wife, could not testify to such conversations or admissions. This objection was also overruled and the witness permitted to testify in the manner indicated, and defendant excepted. The court rendered judgment against the defendant for the support and maintenance of the wife, and defendant, after moving unsuccessfully for a new trial by appropriate motion for that purpose, in which was specified among others the grounds aforesaid, appealed to General Term where the judgment of Special Term being reversed, the plaintiff brings this case here by appeal.

The witness was clearly incompetent as to any conversations had with defendant, or as to any admissions made to her by him.

Communications of husband and wife *inter sese* are privileged, and are sedulously guarded by the seal of that absolute inviolability which the law places upon the hallowed intimacies of the marital relation. So strictly has the law, on the grounds of public policy, enforced the observance of this rule, that in no instance and for no purpose has its infraction ever been permitted ; and on this point our statute is but declaratory of the common law. (See Buck vs. Ashbrook, 51 Mo., 539.)

But it is further contended that the wife, aside from the point already discussed, was incompetent as a witness against her husband in any manner whatever.

It is true that husband and wife, *eo nomine*, are not mentioned in § 1 of the act respecting witnesses ; but it would seem that a fair and reasonable construction would embrace them within its provisions.

The act in question was evidently designed to work a complete change in the law of evidence and to lay its foundations anew, not on the theory of the common law, that of "human infirmity," but in the "sanction of truth, probity and personal honor."

Being a statute for curing the evils which had long been

felt and acknowledged as incident to the exclusion of those most familiar with the given transaction, it should meet with a *liberal* construction in order to thoroughly effectuate its manifest purpose.

And that purpose could not in the present instance be better attained than by adhering to the rule as laid down in Moore vs. Moore, (51 Mo., 118), where husband and wife were held competent witnesses against each other in suits for divorce.

Let the judgment of the General Term reversing that of the special term be affirmed.

Judges Adams and Wagner concur.. Judges Ewing and Vories concur in the result.