AMOS B. AYERS, Appellant, v. NANCY V. AYERS, Respondent.

### St. Louis Court of Appeals, November 22, 1887.

1. EVIDENCE—WITNESSES—HUSBAND AND WIFE.— Neither husband nor wife is a competent witness to prove communications from one to the other not made in the presence of third persons.

2. ——— DIVORCE.—That such communications consist of opprobrious epithets which would furnish ground for a divorce, as being intolerable indignities, do not render the husband or wife competent to testify concerning them.

APPEAL from the St. Louis Circuit Court, LEROY B. VALLIANT, Judge.

*Affirmed.*

TORREY & GIVAN, for the appellant: It is competent for the plaintiff in a divorce suit to testify to conversations between himself and the defendant, when no one else was present. Rev. Stat., 1879, sect. 4010; *Moore v. Moore,* 51 Mo. 118; *Paul v. Leavitt,* 53 Mo. 597; *Darrier v. Darrier,* 58 Mo. 234. The common-law rule in reference to conversations between husband and wife when they are opposite parties has been repealed in this state. *The State v. Slaughter,* 70 Mo. 484; *The State v. Grant,* 79 Mo. 131; Rev. Stat., 1879, sect. 3148; Wag. Stat., sect. 3, p. 894; Gen. Stat., 1865,

sect. 3, ch. 221; Wag. Stat., sect. 3, p. 896. A statutory right can not be annulled by a rule of evidence. *Miller v. Miller*, 14 Mo. App. 418; Const. Mo., art. 2, sect. 10; Cooley on Const. Lim. 354, 457. The rule as to confidential communications was improperly invoked. *Linz v. Ins. Co.*, 8 Mo. App. 363; *Hoyt v. Davis*, 21 Mo. App. 235; 1 Greenlf. on Evid., sects. 244, 338.

Dyer, Lee & Ellis, for the respondent.

Lewis, P. J., delivered the opinion of the court.

This is a suit for divorce. The plaintiff complains that the defendant has offered him such indignities as to render his condition intolerable, such indignities consisting of repeated utterances by the defendant to the plaintiff of grossly insulting and vituperative expressions, wholly incompatible with the relations that should subsist between husband and wife. At the trial, the plaintiff offered himself as a witness. His attention was directed to the several charges, successively, of abusive expressions uttered by his wife, and, in each instance, he said, in answer to preliminary questions, that he and his wife were alone at the time of the utterances, no other person being present or within hearing. The court thereupon excluded the testimony, and, no other evidence being offered, the petition was dismissed. The ruling which excluded the testimony offered, is, substantially, the only error complained of.

The action of the circuit court was in exact conformity with the decisions of this court in *Vogel v. Vogel* (13 Mo. App. 588); *Miller v. Miller* (13 Mo. App. 591), and *Miller v. Miller* (14 Mo. App. 418). In the last-mentioned case, we considered very carefully the views and rulings of our Supreme Court on the question involved, and, on that authority, reached the conclusion that, "while both parties may testify in a divorce suit, neither should be permitted to relate private utterances of any description which had been addressed by the one to the other." We do not find in

the ingenious argument presented for the appellant in the present case, any satisfactory reason for a reversal of that conclusion. Some of the points made by the learned counsel, however, are pressed with so much earnestness and evident conviction of their controlling weight, that we deem it not amiss to notice them more particularly.

In the revision of 1855, it was enacted that "no person offered as a witness shall be excluded by reason of his interest in the event of the action." This appeared in section 1, of the chapter on witnesses, and in section 6, of the same chapter, it is declared that, among the persons incompetent to testify shall be "a husband and wife, for or against each other, or concerning communications made by the one to the other during marriage." These provisions are understood to have been effectually repealed and superseded by section 4014 of our present Revised Statutes, which first became the law in 1865. Referring to this fact, Judge Adams, in *Moore v. Moore* (51 Mo. 118), said: "This repeal left husband and wife as they were at common law." Learned counsel contend that this remark of Judge Adams' is completely overturned by the decision in *The State v. Slaughter*, to the effect that "the repeal of a statute does not operate as a revival of the common law." But counsel fail to state fairly what the *Slaughter case* decided. The language used was: "If the section of the marriage act under consideration. *repealed or superseded* the common law on the subject of incestuous marriages, its repeal would not revive the common law." 70 Mo. 487. This was simply an adaptation of the well-known Missouri rule, that the repeal of a repealing statute does not revive the law first repealed. But the supposed parallel in the case before Judge Adams had no existence at all. The statute of 1855, to which he referred, was not a repealing act. On the contrary, the clause under consideration was, as the learned judge justly added, "only a declaration of what the common law was before its passage." So the learned counsel's criticism of Judge

Adams' remark falls to the ground, and with it all the numerous arguments and deductions built upon that false ground-work, to show that the circuit court erred in the present case, and that this court ought to recede from its former conclusions in similar cases.

The argument presented here for the plaintiff ignores generally the manifest distinction between the incompetency of a witness, on personal grounds, to testify at all in a given case, and the inadmissibility of particular testimony offered through him. Hence, it is insisted that, since the Supreme Court has repeatedly held that either husband or wife may testify, when they are opposing parties, therefore, the rule which forbids their relating private conversations between themselves applies only to cases wherein they are not opposing parties. The exclusive application thus supposed is a mere assumption, having no foundation in either the statutes or the decisions. The law, as settled by our Supreme Court, and adhered to by this court, is, that both husband and wife may testify for or against each other in cases where they are opposing parties. At the same time, neither one, in giving his or her testimony, will be permitted "to relate private utterances of any description which have been addressed by the one to the other." The clause in Revised Statutes, section 4014, referred to by counsel, which excludes such private utterances, is cumulative and general, applying as well to suits, wherein husband and wife are opposed to each other, as to all other cases.

We are referred to a class of cases wherein certain communications between physician and patient, or between attorney and client, were held to be not inadmissible, on the ground that they were not made under the seal of professional confidence. The cases have no application here. The exclusion, in such cases, is confined to matters of confidential communications, whereas, in the case of husband and wife, all private communications—that is, all communications from one to the other, made when no other person is present—fall within the rule of exclusion, whether they are of a confidential

character or not.   All the Missouri decisions show this, as may be seen on a reference to *Miller v. Miller* (14 Mo. App. 418).

Learned counsel say that it is against law for a man to be deprived of a statutory right by a rule of evidence. If such a deprivation results from the ruling of the court below in this case, then the situation is by no means uncommon in the course of our practical jurisprudence.   A man may have an absolute right, of whose enjoyment he is deprived for the time being by the force of circumstances, and yet it would be a perversion of terms to say that the law deprives him of his right, because he is not permitted to establish it by incompetent testimony.

The judgment must be affirmed.   All the judges concur.