WILLIAM A. BROWN, Respondent, v. MARION BROWN, Appellant.

Kansas City Court of Appeals, April 3, 1893.

1. **Divorce:** COMMUNICATIONS IN EVIDENCE: LETTERS. In a divorce suit neither husband nor wife can give testimony of communications made by one to the other, and this rule applies to and covers letters written by one to the other.

2. ———: COMMUNICATIONS KNOWN BY THIRD PARTY: LETTERS SENT BY CHILD. When communications between husband and wife come to the knowledge of third parties, such third parties may testify thereto, but a letter sent by the wife to their daughter, to be delivered to the husband, will not be assumed to be intended for the daughter to read, and will not be admissible. (Missouri cases *distinguished.*)

---

Brown v. Brown.

---

3. ———: EVIDENCE: FINDING: CUSTODY OF CHILDREN. On the evidence in this case the charge of indignities is sustained, but that of adultery is not; and the custody of the children is left as the parties themselves placed them.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED AND REMANDED *(with directions).*

*Jackson & Montgomery,* for appellant.

(1) The court erred in admitting in evidence the letters written by the defendant to the plaintiff. These were communications between husband and wife, which were privileged, both at common law and under the statute. Revised Statutes, 1889, sec. 8922; *Moore v. Moore,* 51 Mo. 118; *Buck v. Ashbrook,* 51 Mo. 539; *Berlin v. Berlin,* 52 Mo. 151; *Holeman v. Bachus,* 73 Mo. 51; *Dwyer v. Dwyer,* 2 Mo. App. 20; *Miller v. Miller,* 14 Mo. App. 418; *Ayers v. Ayers,* 28 Mo. App. 97; *Mitchell v. Mitchell,* 15 S. W. Rep. (Tex.) 705. Upon the kindred question of the privileged communications between attorney and client the rule is that the attorney cannot disclose communications, either oral or written, and this extends to letters and papers. 1 Greenleaf on Evidence, sec. 237; *Landsberger v. Gorham,* 5 Cal. 455; *Coveney v. Tannahill,* 1 Hill, 33; *Crosby v. Berger,* 11 Paige, 377; *People v. Benjamin,* 9 How. Pr. 419; 8 Mass. 370; *Burnham v. Roberts,* 70 Ill. 19; *Kellogg v. Kellogg,* 6 Barb. 116. (2) In any event the evidence was not sufficient to establish the charge of adultery. *Burk v. Burk,* 24 Pac. Rep. (Kan.) 466; *Mayer v. Mayer,* 21 N. J. Eq. 246; *Pollock v. Pollock,* 71 N. Y. 137; *Osborne v. Osborne,* 14 Atl. Rep. (N. J.) 217; *Koenig v. Koenig,* 9 Atl. Rep. (N. J.) 750; *Powell v. Powell,* 1 S. Rep. (Ala.), 551; *Williams v. Williams,* 25 S. W. Rep. (Tex.) 823; *Harberger v. Harberger,* 14

Pac. Rep. (Ore.) 70; 2 Bishop on Marriage & Divorce [4 Ed.] sec. 612, *et seq.;* 2 Lawson's Rights, Remedies & Practice, sec. 781; *Hampton v. Hampton,* 12 S. E. Rep. (Va.) 340; *Blake v. Blake,* 70 Ill. 618; *Soper v. Soper,* 29 Mich. 305; *Wood v. Wood,* 2 Paige, ch. 112; *Johnston v. Johnston,* Wright, 454; *Conger v. Conger,* 82 N. Y. 603; *Cooper v. Cooper,* 10 La. 249; *State v. Waller,* 80 N. C. 401; *State v. Crowley,* 13 Ala. 172; *Swelser v. State,* 31 Tex. 95; *Langstaff v. Langstaff,* Wright, 148; *Dailey v. Dailey,* Wright, 514; *Ferguson v. Ferguson,* 3 Sandf. 307; *Inskeep v. Inskeep,* 5 Iowa, 204; *Moser v. Moser,* 29 Ala. 313; *Jeter v. Jeter,* 36 Ala. 391; *Berkmans v. Berkmans,* 17 N. J. Eq. 453; *Clear v. Reasor,* 29 Iowa, 327; *Mehle v. Lapeyrollerie,* 16 La. Ann. 4. (3) Having separated by mutual consent neither party can obtain a divorce. *Lea v. Lea,* 99 Mass. 493; *Squires v. Squires,* 53 Vt. 208. (4) Even if defendant had been guilty as claimed by plaintiff he has barred the right to sue for divorce by his written condonation. 2 Bishop on Marriage & Divorce [4 Ed.] sec. 37; Schouler on Husband & Wife, sec. 536; *Moore v. Moore,* 41 Mo. App. 176. (5) The court was without jurisdiction to determine or award the custody of the children in Ohio, and the decree which attempted to do so was void. *Kline v. Kline,* 57 Iowa, 386; Cooley on Constitutional Limitations, 405; *Woodworth v. Spring,* 4 Allen, 321; *Lemmon v. People,* 20 N. Y. 602–8; *Haskell v. Haskell,* 24 N. E. Rep. 859; *In re Delano,* 37 Mo. App. 185; *Weir v. Marley,* 99 Mo. 484; *Sewall v. Sewall,* 122 Mass. 160.

*Sangree & Lamm,* for respondent.

(1) The common-law rule against admitting communications between husband and wife is frequently relaxed in the interest of justice *ex necessitate. Darrier*

*v. Darrier*, 58 Mo. 222; *Henry v. Sneed*, 99 Mo. 421. In the latter case they were introduced, not only because fraud was alleged, but as part of the *res gestae*. *Beaver v. Taylor*, 68 U. S. (1 Wall.) 637; 2 Bishop on Marriage, Divorce & Separation, sec. 1452. The presence of a third party destroys the secrecy, and the communications are no longer within the reason of the rule. This is the law in communications between client and attorney a kindred matter. *Coveney v. Tannahill*, 1 Hill (N. Y.), 37; *Gallagher v. Williamson*, 23 Cal. 331; *Whiting v. Barney*, 30 N. Y. 330; *Dunn v. Amos*, 14 Wis. 106; *Hemenway v. Smith*, 28 Vt. 701; Goodwin's G. S. M. Co's App., 117 Pa. 514. All the authorities hold that the communications to be privileged must be "confidential." The letters in question were open, unsealed notes sent to a third party and by her handed over to plaintiff. *Bradford v. Pearson*, 12 Mo. 73; *Ridgeway v. Kennedy*, 52 Mo. 25; Elliott on Appellate Procedure, secs. 591, 593; Revised Statutes, 1889, sec. 2303; *Ayers v. Ayers*, 28 Mo. App. 100. It is a common matter of practice to introduce letters between husband and wife. Such letters form the basis of decisions in many Missouri cases. For example: *Moore v. Moore*, 41 Mo. App. 176; *Messenger v. Messenger*, 56 Mo. 335; *State v. Leabo*, 84 Mo. 174, 175; *Avery v. Avery*, 33 Kan. 1; *Johns v. Johns*, 29 Ga. 718; 2 Bishop on Marriage, Divorce & Separation, sec. 719, 720, 1453; *Harvey v. Penneypacker*, 4 Del. ch. 454. (2) There is ample evidence to sustain the decree outside of said letters, and the letters are simply cumulative. *Miller v. Miller*, 14 Mo. App. 418–421; *Clarkson v. Clarkson*, 22 Mo. App. 236; *Blackwell v. Bailey*, 1 Mo. App. 332; Appellate Procedure, sec. 653; *Young v. Hudson*, 99 Mo. 102. (3) The uncontradicted evidence showed every requirement of reason or law is complied with, and the defendant must be held as an adulteress.

*Blake v. Blake*, 70 Ill. 618, dissenting opinion by Justice Breese, concurred in by McAllister and Schofield, JJ., on page 428; *Allen v. Allen*, 101 N. Y. 658; *Moller v. Moller*, 115 N. Y. 456; *Names v. Names*, 67 Iowa, 383; *Dunham v. Dunham*, 6 Law Rep. 139; *Inskeep v. Inskeep*, 5 Iowa, 204; 2 Bishop on Marriage, Divorce & Separation (1891), secs. 1354, 1355, 1357, 1370, 1371, 1372, 1373, 1381, 1385, 1388, 1391; *Chestnut v. Chestnut*, 88 Ill. 548; *Freeman v. Freeman*, 31 Wis. 235; *McClung v. McClung*, 40 Mich. 493, (498); *Clement v. Kimball*, 98 Mass. 535. (4) Where there is evidence on both sides, and the case is balanced, and the mind of the court has been called upon to weigh conflicting inferences and decide upon the credibility of opposing witnesses, much weight should be accorded to the opportunity of the trial court and its adaptation to investigate and determine such questions. *Baird v. Mayor*, 96 N. Y. 576; *Crane v. Baudouin*, 55 N. Y. 256; *Westerloo v. DeWitt*, 36 N. Y. 344; *Judy v. Bank*, 81 Mo. 404; *Erskine v. Lowenstein*, 82 Mo. 301; *Snell v. Harrison*, 83 Mo. 652; *McCann v. Anthony*, 21 Mo. App. 831; *Royle v. Jones*, 78 Mo. 403. This is the rule also in divorce suits. *Gibbs v. Gibbs*, 18 Kan. 419; *Carpenter v. Carpenter*, 30 Kan. 713; *Helden v. Helden*, 7 Wis. (263) 296; *Kremelberg v. Kremelberg*, 52 Md. 553; *Jackson v. Jackson*, 8 Ore. 402; *Uhlman v. Uhlman*, 17 Abb. N. Cas. 236. (5) The custody of the children was rightly awarded. Revised Statutes, 1889, sec. 4505; Bishop on Marriage, Divorce & Separation, secs. 1181, 1186, 1189, 1192, 1196; *Avery v. Avery*, 33 Kan. 1; Cooley's Constitutional Limitations [6 Ed.] 499.

ELLISON, J.—Plaintiff's petition is for a divorce from his wife. The grounds alleged are her adultery and indignities which rendered his condition intoler-

able.   The indignities charged are that she permitted Dorsey, an unmarried man who lived in the neighborhood, to secretly visit her and for a long period of time unknown to her husband to bestow upon her the endearments and attentions of a lover.   The trial court found for plaintiff on both issues and likewise gave the custody of the minor children to plaintiff.   Defendant has brought the case here.

There was admitted in the evidence for plaintiff over the protest and objection of defendant certain letters produced by plaintiff written by defendant to him.   The rule in this state seems to be settled that in an action for divorce the husband and wife are competent witnesses; but that they cannot give testimony of communications made by one to the other.   *Moore v. Moore*, 51 Mo. 118; *Berlin v. Berlin*, 52 Mo. 151; *Miller v. Miller*, 14 Mo. App. 418; *King v. King*, 42 Mo. App. 454; *Ayers v. Ayers*, 28 Mo. App. 97.   We see no reason why a communication which a husband or wife cannot testify to should not apply as forcibly to a letter as to a conversation.   There can be no reason for distinguishing between what is spoken by the tongue and written by the hand.   Either is a communication, as that term is understood in the law on this subject, and the law should prevent the uncovering of either. Husband and wife should be as free to write to each other as they are to talk together.   No motive of policy can apply to the one mode of communication that is not equally applicable to the other.   This is the view taken by the supreme court of Texas under a statute somewhat unlike ours, but in this respect applicable. *Mitchell v. Mitchell*, 80 Tex. 101; *Stanford v. Murphy*, 63 Ga. 410.   But it is insisted that, as it appeared that these letters were not sent by defendant directly to plaintiff, but were sent to their oldest daughter to be by her delivered to plaintiff, they were not *private com-*

*munications.* It does not appear that the letters were unsealed when enclosed to the daughter; and, if it did so appear, we would not assume that they were intended for her to read. Whatever doubt there may be in such case should be resolved in favor of the inviolability of the communication. Sec; 113 Mass., 157. A conversation between husband and wife might be overheard by others, yet this would not justify the admission of testimony from either of them as to such conversation. So a letter from husband to wife might be opened or surreptitiously read by third parties, but it would scarcely capacitate the otherwise incapacitated parties to testify as to its contents. We think the point not well taken.

This view of the law on this subject does not militate against the proposition that the rule incapacitates or disqualifies the witness and not the communication *per se.* If the conversation between the husband and wife be overheard, accidently, or by persons secreted for the purpose, such third parties may give it in evidence. *Gannon v. People,* 127 Ill. 518; *State v. Center,* 35 Fert. 378; *Commonwealth v. Griffin,* 110 Mass. 181; Wharton on Criminal Evidence, sec. 398. So if a letter, written by one to the other falls into the hands of third persons and it finds its way into the case through such third persons, it is competent. When a letter falls "into the hands of a third person, the sacred shield of privilege" is removed. *State v. Hoyt,* 47 Conn. 518, 540; *State v. Buffington,* 20 Kan. 599. It is, however, said that letters between married parties have in some instances formed the chief evidence upon which divorces have been granted in this state, and we are cited to *Moore v. Moore,* 41 Mo. App. 176; *Messenger v. Messenger,* 56 Mo. 335. But in these cases there was no objection made to the introduction. In the *Moore case* the husband introduced the letters and the wife appeared willing to abide by the case they made.

The attention of the court was, for this reason, not called to the question. Our conclusion is that the objected to letters should not have been admitted.

As to the merits of the case, we have, after a careful consideration of the testimony, determined that the trial court should not have found defendant guilty of adultery. Aside from the letter to Josephine Dorsey, there is no substantial evidence upon which to lodge the conclusion of guilt. Including the letter there is proof of frequent visits made to defendant by the party charged in the petition; that these visits were without the knowledge of plaintiff, and that on such occasions defendant suffered him to make protestations of his love for her; that these visits were numerous, though at intervals, during a period of two years. It was further sufficiently shown that these visits were made with her approval, at least with her passive toleration. The evidence, we concede, sufficiently discloses an opportunity to commit adultery and a disposition on the part of Dorsey to commit the act, but we are not satisfied that it shows a disposition upon the part of defendant. The respective counsel have collected a number of authorities upon the sufficiency of the proof in such cases, which will be found in their briefs.

This evidence, while not supporting the charge of adultery, is abundantly sufficient to support the second charge in the petition as to indignities, rendering the condition of plaintiff intolerable. Defendant's letter to Josephine Dorsey can establish nothing less than this. In that letter she admits, in substance, that Dorsey was her lover and that she received his attentions and protestations of love for her. Her letter shows that she became unmindful of the duty she owed her husband and the regard she should have entertained for him.

The court awarded the custody of the three minor

children to plaintiff. The facts concerning this branch of the case are these: The children are girls, aged fifteen, six and four years respectively. The oldest remained with her father at the separation, but the two youngest went to Ohio with their mother, with the consent of the father. The disposition of the children seems to have been the result of a mutual arrangement. Plaintiff purchased railroad tickets for the two youngest so that they could accompany the defendant. Since the two children were in Ohio at the commencement of this action and have remained there since then, defendant contends the judgment awarding the custody is void for want of jurisdiction. This contention is combated by plaintiff. . We will not enter upon a discussion or decision of the question, since, under the circumstances surrounding the case as shown by the evidence, we have concluded to leave the children as these parties themselves placed them. The case shows, without contradiction, that the defendant always gave anxious care and attention to the children, to their education, dress and deportment. The tender age of the two now with her calls for her continued attention. The plaintiff himself must have thought that they should be with her and so we will leave them as we find them placed by the parties, not making any order concerning them. In such cases the future welfare of the children as it may or may not be altered by shifting circumstances will determine in whose custody they should be kept or placed.

The judgment of the circuit court will, therefore, be reversed and the cause remanded with directions to the circuit court to render a judgment of divorce on account of the indignities charged in plaintiff's petition, and without any order in regard to the custody of the children. All concur.