SARAH E. ENDSLEY, Appellant, v. E. N. ENDSLEY, Respondent.

Kansas City Court of Appeals, June 3, 1901.

1. **Divorce:** CONFLICTING EVIDENCE: APPELLATE PRACTICE. An appellate court may examine and weigh the evidence in divorce cases, yet, when the evidence is such that the finding might reasonably have been either way, depending much upon the observation of the

witnesses, the appellate court will defer largely to the finding of the trial judge.

2. ——: EVIDENCE: DECREE: MODIFICATION.  A general finding of the issues for the defendant on his cross-bill is modified so as to exclude an allegation in the cross-bill amounting to adultery.

3. ——: DECREE: GENERAL FINDING.  It is not necessary for a court to make a special finding of facts in a divorce case when not requested; the pleading must set out the indignities but they need not be set out in detail in the decree.

Appeal from Ray Circuit Court.—*Hon. E. J. Broaddus,* Judge.

REVERSED AND REMANDED *(with directions).*

*Ball & Bogie* and *James W. Garner* for appellant.

(1)  It was the duty of the court, in a divorce suit, to review the whole of the evidence.   (2)   The finding of the court should state the description of acts which constitute the indignities complained of, particularly when third persons are introduced as actors in the domestic difficulties of man and wife.   The finding of the court in this case fails to set out any particular indignity offered to appellee.   Bowers v. Bowers, 19 Mo. 351.   (3)   To authorize the granting of a divorce, one of the parties asking for it must be both the injured and innocent party; and the appellee was not both the innocent and injured party, hence he was not entitled to a divorce. Nagel v. Nagel, 12 Mo. 53; Duncan v. Duncan, 12 Mo. 157; Morrison v. Morrison, 62 Mo. App. 299; Gillinwaters v. Gillinwaters, 28 Mo. 60; Dwyer v. Dwyer, 16 Mo. App 422; Hoffman v. Hoffman, 43 Mo. 547; Lawlor v. Lawlor, 76 Mo. App. 637.   (4)   The wife did not cease to be the injured party, by conduct which is not such as to entitle the other party to a divorce.   Dwyer v. Dwyer, 16 Mo. App. 422; Gillin-

water v. Gillinwater, 28 Mo. 60.   (5)   The appellee is not entitled to a divorce, because he was guilty of misconduct, although the misconduct is not of such a degree as to entitle appellant to a divorce.   Gillinwater v. Gillinwater, 28 Mo. 60; Dwyer v. Dwyer, 16 Mo. App. 422.

*J. L. Farris & Son, Lavelock & Kirkpatrick* for respondent.

(1)   The petition of plaintiff was properly dismissed; she was instrumental in bringing about the separation and could not maintain an action for a result she had produced. The indignities alleged and proven on behalf of defendant warranted the court in granting a divorce on his cross-bill. Hooper v. Hooper, 19 Mo. 1. c. 357; Gillinwater v. Gillinwater, 28 Mo. 1. c. 61; Harper v. Harper, 29 Mo. 1. c. 303; Hoffman v. Hoffman, 43 Mo. 1. c. 549; Owen v. Owen, 48 Mo. App. 211, 212; Griesedieck v. Griesedieck, 56 Mo. App. 100, 101; Davis v. Davis, 60 Mo. App. 556; Goodman v. Goodman, 80 Mo. App. 282; Loring v. Loring, 42 S. W. Rep. (Tex.) 644; Haley v. Haley, 44 Ark. 429.   (2)   It is true, appellate courts will review the evidence in equity and divorce cases; and, it is equally true, that they will defer to the finding of the trial courts where the evidence is given orally, and particularly, if the testimony is conflicting.   The decree in this case was not only supported by substantial testimony, but was warranted by the great weight of the evidence.   Bank v. Murray, 88 Mo. 196; Mathias v. O'Neill, 94 Mo. 529, 530; Benne v. Schnecko, 100 Mo. 257, 258; Rawlins v. Rawlins, 102 Mo. 567; Taylor v. Crocket, 123 Mo. 306; Dailey v. Dailey, 125 Mo. 100; Boggess v. Boggess, 127 Mo. 323; Bank v. Bank, 130 Mo. 162; Lawlor v. Lawlor, 76 Mo. App. 642; Railroad v. Brandau, 81 Mo. App. 6; Torlotting v. Torlotting, 82 Mo. App. 200.

ELLISON, J.—The plaintiff sued defendant for divorce, and defendant answered by cross-bill in which he asked a divorce. Each charged the other with intolerable indignities. The trial court rendered judgment for defendant on his cross-bill and plaintiff comes here for relief.

Plaintiff was a widow and defendant a widower, each with children when they married. The evidence tended to show that plaintiff was possessed of a high and ungovernable temper; that she frequently assaulted defendant, and threatened him and his children with great bodily harm. That she humiliated and disgraced him by quarreling with him, threatening and assaulting him in the presence of persons not members of the family. In short, that her conduct was as ungentle and unwifely as can well be imagined.

On the other hand, there was evidence tending to prove that plaintiff was the injured party; that defendant refused to attend church with her; that he assaulted and beat her, accused her of adultery and was guilty of many other indignities towards her. There was a mass of testimony tending to support either party, and while this court may examine and weigh evidence in cases of this kind for the purpose of forming its own judgment, yet when the evidence at the trial is such that a finding might reasonably have been made either way, depending much upon the observation of the witnesses, we will defer largely to the finding of the trial judge. King v. King, 42 Mo. App. 454.

We have not considered it to be necessary to go into a detailed statement of the evidence and will, under the view just stated, adopt the finding of the lower court with one exception. The cross-bill makes a charge against plaintiff which practically amounts to adultery, and the judgment rendered recites in general terms that the court "doth find the issues for the defendant on his cross-bill." We will, therefore, re-

verse the judgment and remand the cause with directions to enter judgment for defendant upon the cross bill except as to all acts involving the charge of plaintiff's being unchaste or of having committed adultery. Brown v. Brown, 53 Mo. App. 453.

The objection is made that the judgment is erroneous on the face of the record, in that it recites a finding of the issues for defendant generally without making any specific finding of facts, and the case of Bowers v. Bowers, 19 Mo. 351, is cited in support of the point. We think the case falls short of plaintiff's claim. In that case there was a special finding of facts, while in this there was none. The finding of facts in that case was so general that it did not amount to a finding, but rather to a conclusion. It could not be told from the finding what the accused party had done or omitted to do. We do not regard it to be necessary, under our present practice, for the court to make a special finding of facts when not requested. And while it is necessary for the pleading to state in what the indignities consisted, we do not regard it as necessary to the validity of the judgment that the indignities found by the court should be set out in detail, on the face thereof.

The judgment will be reversed and remanded with directions to enter the judgment for defendant herein indicated. *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.