EMMA McPHEETERS, Respondent, v. L. B. McPHEE-TERS, Appellant.

Springfield Court of Appeals, February 14, 1921.

1. **WITNESSES: Declarations of Husband to Wife as to Income are Incompetent in Separate Maintenance Suit.** On a hearing for the allowance of support and suit money pending determination of a suit for separate maintenance, it was error to permit the wife to testify to declarationns by her husband to her as to the amount of his income when no third person was present, since such communications are confidential.

2. **HUSBAND AND WIFE: On Motion for Temporary Support, Wife must Establish Prima-facie Cause of Action.** At the hearing on a

McPheeters v. McPheeters.

wife's motion for temporary support and suit money pending a final hearing of an action for separate maintenance, a wife must make a prima-facia showing that she was entitled to the relief asked for in her petition, which, under Revised Statutes 1919, section 7314, requires proof of cessation from cohabitation without good cause, intention on deserter's part not to resume cohabitation, and absence of complainant's consent to the separation.

Appeal from Mississippi Circuit Court.—*Hon. Frank Kelly*, Judge.

REVERSED AND REMANDED.

*W. C. Russell* and *J. M. Haw*, for appellant

(1) The testimony of respondent as to what the appellant told her concerning his income or the value of his property was a confidential communication that was not admissible, and it was reversible error for the court to permit respondent to testify as to such statement. Berlin v. Berlin, 92 Mo. 201; Moore v. Moore, 51 Mo. 118; Gisel v. Gisel, 219 S. W. 664; Gruner v. Gruner, 183 Mo. App. 157. (2) Respondent's testimony nowhere showed or indicated the elements necessary to recovery of a judgment for maintenance and there was no competent evidence offered as to the income or property of appellant, there being a total failure of sufficient proof, the demurrer offered by the appellant should have been sustained at the close of respondent's case. Quinn v. Met. Street R. R. Co., 218 Mo. 545, 557. (3) To justify the trial court in granting temporary maintenance and attorneys' fees the plaintiff must at least make a *prima facie* showing that she is entitled to the relief prayed for in her petition. Scism v. Scism, 184 Mo. App. 543; Long v. Long, 78 Mo. App. 32, 21 Cyc, 1604.

*Kelsey Norman* and *Geo. V. Farris* for respondent.

BRADLEY, J.—Plaintiff, the wife of defendant, commenced proceedings under section 7314, Revised

Statutes 1919, to recover for separate support and maintenance. The petition was filed January 10, 1920, in which plaintiff alleged that she and defendant were lawfully married to each other on May 18, 1919, and that plaintiff lived with defendant as his wife from and after said date until August 13, 1919, and that during said time she treated defendant with kindness and affection and discharged all her duties as defendant's wife, but that on said 13th day of August, 1919, defendant abandoned plaintiff without just cause or excuse, and had since lived separate and apart from her, and had failed and refused to contribute anything to her support. Plaintiff further alleged that she had no money or property, and that at the time defendant deserted her he left her without money and without making provision for her support; that defendant owned a large amount of personal property consisting of stock, grain, farming implements and an automobile, and had an annual income of four thousand dollars from farming operations. She alleged that she had no money to employ attorneys to represent her, and to pay the necessary expenses to prepare her case for trial, or to support her during the pendency of the cause. Defendant in his answer admitted the marriage and separation as alleged, and denied generally all other allegations. On February 9, 1920, plaintiff filed a motion for temporary maintenance and attorneys' fees. In this motion plaintiff alleged the same facts as to the marriage, separation, abandonment, her lack of funds and defendant's ability to provide maintenance for her as alleged in her petition, and asked for an allowance sufficient to pay attorney fees, necessary expenses to prepare her case for trial, and for support during the pendency of the cause. The court heard evidence on this motion, and rendered judgment thereon allowing $35 per month for temporary maintenance to be paid on or before the 12th of each month, and also rendered judgment for $185 for suit money to be paid on or before May 1, 1920. Defendant filed motion for new trial on the motion for temporary main-

tenance and suit money. This motion was overruled and defendant appealed.

Appellant in effect makes two assignments of error. First, that the court erred in admitting certain evidence; and second that his demurrer to the evidence should have been sustained. Plaintiff while testifyng in support of her motion was asked if she knew approximately the amount of her husband's income. She started in to tell what he told her, and defendant objected on the the ground that what he told her in that respect, un-less a third person was present, was a confidential com-munication, and incompetent. The. court overruled the objection and defendant saved his exception. Then plaintiff answered that defendant told her that his income was between four and five thousand dollars per year. There is no showing that a third person was present when defendant told plaintiff what his income was, and such evidence was clearly incompetent. Berlin v. Berlin, 52 Mo. 151, was a suit for support and main-tenance based upon the same statute as the instant case. In that case the wife was permitted to testify to certain conversation between herself and husband, the defendant. The court ruled that such evidence was incompetent. There the court used this language: ''Communications of husband and wife *inter sese* are privileged, and are sed-ulously guarded by the seal of the absolute inviolability which the law places upon the hallowed intimacies of the marital relation. So strictly has the law, on the ground of public policy, enforced the observance of this rule, that in no instance and for no purpose has its infraction ever been permitted; and on this point our statute is but declaratory of the common law.'' Gruner v. Gruner, 183 Mo. App. 157, 165 S. W. 865, was in divorce, and there it was held that such communica-tions between husband and wife were incompetent. Gisel v. Gisel, 219 S. W. (Mo. App.) 664, was in divorce. In that case counsel representing plaintiff, the wife, offered to prove by her an alleged conversation between her and her husband, no third party being present. It ap-

pears that in the conversation referred to the husband accused the wife of infidelity, of having been intimate with her brother-in-law, and that such relation resulted in her becoming pregnant and thereafter having a miscarriage. It was contended that such accusation was tantamount to a verbal assault, and could not be considered as conjugal communications. The court sustained an objection to the offering, and the St. Louis Court of Appeals upheld the ruling, citing Moore v. Moore, 51 Mo. 118, and Berlin v. Berlin, supra. It will be noted by reference to the case that the St. Louis Court of Appeals in the case of Gruner v. Gruner, supra, limited the scope of its holding in Meyer v. Meyer, 158 Mo. App. 299, 138 S. W. 70. In the Meyer case it was held that "vituperative epithets, personal abuse, facts necessarily and peculiarly within the gnowledge of the wife, transpiring between her and her husband alone," should be considered in the light of verbal assaults and not in the light of conjugal communications. In the Gruner case the court says that the rule as stated in the Meyer case was too broad and not supported by the authorities. The Berlin case, supra, is cited in Revercomb v. Revercomb, 222 S. W. (Mo. App.) 999, a divorce case, to support the proposition that confidential communications between husband and wife, no third person being present, are are not admissible in evidence. There are some exceptions to the general rule relating to a wife's evidence as pointed out in State v. Vaughn, 136 Mo. App. 645, 118 S. W. 1186, but the facts in the case at bar do not approach an exception. We think that it was error to permit the wife to give evidence of what her husband told her relative to his income, and in view of all the other evidence upon the question of his income and ability to pay, we cannot say that the admission of this privileged matter was not prejudicial.

Defendant's demurrer to the evidence is based on the proposition that plaintiff on her motion for temporary maintenance and suit money failed to make a prima-facie showing that she was entitled to the relief asked

for in her petition. In Broadus v. Broadus, 221 S. W. (Mo. App.) 804, it is pointed out that two things must appear before the statutory action for maintenance can be upheld, viz: abandonment and failure to support, citing the statute, section 8295, Revised Statutes 1909, now section 7314, Revised Statutes 1919, and Youngs v. Youngs, 78 Mo. App. 225. And it was further said in the Broadus case that to show abandonment or desertion three things must concur and be established: (1) Cessation without good cause from cohabitation; (2) intention on the deserter's part not to resume same; (3) absence of the complainant's consent to the separation. Suffice it to say, without setting out in detail the showing that plaintiff made on her motion, that measured by the requirements of the statute and cases cited plaintiff should have made a better showing on her motion that she was entitled to the relief asked in her petition. She was not required on the motion for temporary maintenance and suit money to do more than make a prima-facie showing that she was entitled to the relief asked in her petition. Scism v. Scism, 184 Mo. App. 543, 167 S. W. 455, but this much she was required to present on the hearing of her motion. The Scism case was in divorce, but the reason is applicable here. In 21 Cyc. 1604, the general rule is laid down that in an action for separate maintenance, temporary maintenance and counsel fees in reasonable amount may be allowed, but that to authorize the making of such an order it must be shown that probable cause for the suit exists, and that the husband has sufficient means to furnish support. In view of our conclusions on the assignments made, the cause is reversed and remanded. *Farrington, J.,* concurs. *Cox. P. J.,* not sitting.