John E. ROBERTSON,
Petitioner-Respondent,

v.

Jacqueline E. ROBERTSON,
Respondent-Appellant.

No. WD 32667.

Missouri Court of Appeals,
Western District.

March 2, 1982.

Stephen V. Crain, Kansas City, for respondent-appellant.

A. J. Falcone, Inc., Kansas City, for petitioner-respondent.

Before SHANGLER, P. J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

The wife appeals from a decree of dissolution challenging only the award of custody to the father of the 2 year old male child of the parties.

The wife asserts that the trial court erred in finding that the wife's involvement with another man interfered with her ability to care for the child. The wife also claims that the trial court erred in finding that the best interests of the child would be served by placing the child with the father because the evidence does not overcome the "presumption" that the mother is the preferred custodian of a child of tender years.

■ Review of these issues is pursuant to Rule 73.01(c) and *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). Tested by those standards, the evidence in this record is sufficient to support the findings of the trial court and viewed as a whole does not engender a firm belief that the judgment of the trial court is wrong.

■ The wife asserts that the judgment misapplies the law because the inference drawn by the trial court of the wife's infidelity does not overcome the "presumption" in favor of the mother as the custodian of a

child of tender years. The wife cites cases in which the courts have permitted the wife to retain custody despite evidence of sexual misconduct. Sexual misconduct does not ipso facto dictate the award of custody one way or the other. *In re Marriage of F—*, 602 S.W.2d 227, 231 (Mo.App.1980). The factual issue for the trial court is the effect of the misconduct on the child which is an inference to be drawn from the whole record in most instances. The trial court in the instant case did not misapply the law in concluding that the best interests of the child were served by placing custody in the father.

A further review of the evidence or the law would serve no useful precedential purpose, and the judgment of the trial court is affirmed. Rule 84.16(b).

All concur.