In re the Marriage of T.C.H., Appellant,

v.

K.M.H., Respondent.

No. 66737.

Supreme Court of Missouri,
En Banc.

June 25, 1985.

Rehearing Denied Aug. 7, 1985.

C. John Pleban, St. Louis, for appellant.

David B. Lacks, James L. Durham, Kris R. Baumgartner, Clayton, for respondent.

HAROLD L. LOWENSTEIN, Special Judge.

This matter involves the appeal of the husband from a decree of dissolution in which custody of two children was granted to the wife. It comes to this court on an order of transfer after opinion from the Eastern District of the Court of Appeals. The case is treated here the same as on original appeal. Mo. Const. Art. V, § 10.

The general issue is whether Section 491.020 RSMo 1978 makes confidential a communication between husband and wife on a subject matter relevant and material to adjudication of the custody of children. As pertinent here, the statute reads, "that nothing in this section shall be construed to authorize or permit any married man, while the relation exists, or subsequently, to testify to any admission or confidential communications of his wife, made to himself." The specific issue, dispositive of this appeal is whether communications by a spouse as to his or her homosexual activity should be precluded from being allowed in evidence under § 491.020, or whether there should be an exception to the confidential communication privilege where the best interests of the child are concerned. By its rulings the trial court held these communications between the spouses confidential and therefore inadmissible. The eastern district, though holding that the statute and case law mandated an affirmance, said the law should be changed.

The husband and wife were married in 1971. Their two children were born in June 1975 and May 1980. In August of 1982 the wife moved from the family home to the residence of J.L., a female, who happened to be a friend of both parties. The children stayed with the father. In 1983 the father filed for dissolution. Both parents sought custody. At the trial, which was almost totally dominated by the issue of child custody, the husband alleged J.L. and the wife had embarked upon a homosexual relationship prior to the separation, and which continued long after, thus entitling him to custody. His evidence showed J.L. to be a lesbian, and that she and the wife slept together when the children were visiting, and they took the children to a bookstore where there was literature on training for, "the gay and lesbian hotline ... and for homosexual lovemaking."

J.L. invoked constitutional privilege and refused to testify. The wife recanted on her deposition testimony and admitted at trial to having had two sexual encounters with J.L. since the separation from her husband.

The wife objected to questions on direct and cross-examination pertaining to alleged statements she made to her husband after she had moved. Those questions related to statements to her husband about the extent of her feelings toward J.L. and their sexual relationship and conversations between husband and wife on her wishes as to which of them would have custody. Her objections were uniformly sustained on the basis of the husband-wife confidential communications privilege even though the judge expressed a "personal dislike for the ruling." The decree awarded custody of the children to the mother. On appeal the eastern district amplified on Judge Ryan's dislike for the privilege in custody matters and then transferred the case here for reexamination of the law. On appeal the father raises a multitude of points, but only the question of whether there should exist an exception to the privilege will be addressed.

Review is prescribed under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

Since 1865 Missouri has codified the common law rule making confidential communication between wife and husband inadmissible evidence. RSMo § 491.020, *supra*. This rule has applied to suits where spouses are opposed to each other, as well as

other cases. *Ayers v. Ayers,* 28 Mo.App. 97 (1887). A line of cases has specifically applied this rule to divorce suits, making clear that husband and wives are competent witness, but not as to communications when they are alone. *Berlin v. Berlin,* 52 Mo. 151 (1873); *Dwyer v. Dwyer,* 2 Mo. App. 17 (1876); *Carroll v. Carroll,* 68 Mo. App. 190 (1896); *Revercomb v. Revercomb,* 222 S.W. 899 (Mo.App.1920); *Oliver v. Oliver,* 325 S.W.2d 33 (Mo.App.1959). *See generally* Triplett, *Confidential Communications Privilege of Husband and Wife: Application under the Missouri Dissolution Statute,* 43 Mo.L.Rev. 235 (1978).

Outside the context of divorce suits, exceptions to this rule have been created. If one spouse is charged with a crime against the other, the spouse exposed to bodily harm may testify. *State v. Pennington,* 124 Mo. 388, 27 S.W. 1106 (1894). This has been extended to include attacks on the children. *State v. Kollenborn,* 304 S.W.2d 855 (Mo. banc 1957). Furthermore, in any criminal proceeding, if a spouse is willing, he may testify against the other, except for confidential communications. RSMo § 546.260. In *State v. Frazier,* 550 S.W.2d 590 (Mo.App.1977), the court narrowed the definition of confidential to communications arising out of the marriage relationship that are *intended* to be privileged.

Another exception to the general rule has been in the area of property rights. If the spouses are in a joint business venture, either can testify to conversations relating primarily to business matters because these are not marital confidences. Similarly confidential communications may be admitted if necessary to prevent fraud on marital property rights. *Hach v. Rollins,* 158 Mo. 182, 59 S.W. 232 (1900); *Rice v. Waddill,* 168 Mo. 99, 67 S.W. 605 (1902). *See also Durr v. Vick,* 345 S.W.2d 165, 168 (Mo.1961), where the court held communications on purely business matters are often not privileged.

Within the context of a divorce suit, the only exception which has been carved deals with proving cruelty on the part of one spouse against the other. This can take the shape of verbal assault, *Coleman v. Coleman,* 318 S.W.2d 378 (Mo.App.1958); or inordinate sexual demands, *Reynolds v. Reynolds,* 297 Mo. 447, 249 S.W. 407 (1923); *Phelps v. Phelps,* 241 Mo.App. 1202, 246 S.W.2d 838 (1952).

As stated earlier, a question of first impression is presented here: should confidential communications be admitted if they affect the custody of children? The paramount concern in awarding child custody has been stated numerous times as being the best interests of the child. *Bull v. Bull,* 634 S.W.2d 228 (Mo.App.1982). *See* § 452.375.2 RSMo. Whether a parent is fit to have custody obviously must be determined so the best interest of the child is served. Despite the broad language of § 491.020, Missouri courts have limited its application when public policy so dictated. The situation here is perhaps most parallel to *Kollenborn, supra,* where this court allowed a wife to testify about her husband's acts of violence toward their child. The court pointed out that there are many exceptions which are allowed from the "necessity of the case—partly for the protection of the [spouse], and partly for the sake of public justice." 304 S.W.2d at 860. *See also Durr v. Vick, supra,* at 168. The opinion of the court went on to say the "reasons for the rule of exclusion itself have fallen, for no domestic harmony or peace may be presumed to exist" after one spouse has attacked the other. *Id.*

Similarly in a dissolution proceeding where the spouses are contesting custody of the children, the spouses are adversaries and reasons for the rule of exclusion are mitigated. Here, there is a clear necessity for scrutinizing the relevant evidence as to a custodian—both for the protection of the children, and for the sake of public policy. As the court held in *Robertson v. Robertson,* 630 S.W.2d 266, 267 (Mo.App.1982), "sexual misconduct does not ipso facto dictate the award of custody one way or another." However, the trial court must decide the factual issue of the "effect of the

misconduct on the child which is an inference to be drawn from the whole record in most instances." *Id.* Therefore, one spouse's testimony as to the other's [homosexual or heterosexual] extramarital affairs should be considered by the court, as well as any relevant testimony as to a spouse's fitness to be the custodian.

In *J.L.P.(H). v. D.J.P.*, 643 S.W.2d 865 (Mo.App.1982), the issue involved the restriction of visitation rights of an avowed homosexual father. In affirming the restrictions the court noted the proof of conduct defined under the criminal statutes as deviate sexual intercourse does not provide an "absolute basis" for denial of custody or visitation, but can be, "weighed by courts in matrimonial disputes involving children in the light of the possible harm to the children involved." *Id.* at 689. The opinion goes on to say such evidence comes in out of the court's concern for potential harm to the child which requires consideration of such conduct by a court charged with determining the best interests of the child. *Id. See also L. v. D.*, 630 S.W.2d 240, 244 (Mo.App.1982) (the court denied a lesbian mother's motion to modify and restricted visitation); *L.H.Y. v. J.M.Y.*, 535 S.W.2d 304, 308 (Mo.App.1976) (private personal promiscuous conduct of parent, "could well have an effect on children ... [and] cannot be ignored or sanctioned by courts)".

The words of Judge Robert Snyder on behalf of the court of appeals in transferring this case sum up the feeling of this court in carving out an exception to the confidential privilege between spouses as to custody proceedings:

"The invocation of the privilege here may have prevented testimony which would bear heavily on the future of children. If exceptions to the privilege can be made where property is concerned, how much more important is it for an exception to be made where the best interests of children are concerned?

The question of the best interest of the minor children is paramount in this case. Nothing could be more important than the way of life which the custodial parents pursues and will pursue in the years to come."

The trial court's declaration of the law on the admissibility of these statements, and in limiting cross-examination is now declared erroneous and causes a reversal and remand for new trial on the issue of child custody. At the new trial there will be no privilege as to communications between husband and wife under § 491.020.

■ The specific holding, an exception to the rule of inadmissibility of confidential communication between husband and wife in cases where custody of children is at issue, is deemed substantive and is given retrospective and prospective application. *State v. Walker*, 616 S.W.2d 48, 49 (Mo. banc 1981). The compelling reason for this application is the need to have this evidence before the trier of fact in the all-important matter of the proper custody of children. *Cf. Keltner v. Keltner*, 589 S.W.2d 235, 240 (Mo. banc 1979). Although the legislature has provided the mechanism to protect and encourage married persons to communicate with each other candidly, there is no public policy or precedent and no prior reliance on the application of § 491.020 that outweighs the purpose of utilizing best interest of the child as controlling in the placement of custody. This ruling's retrospective application is to all such pending cases not finally adjudicated as of the date of the final disposition of the motion for re-hearing in this court. The ruling shall apply prospectively to all future trials where the custody of a child is at issue.

The exception now adopted does not necessitate overruling *Berlin v. Berlin, supra*. The Supreme Court held in 1873 in a suit involving support, the wife was incompetent to testify as to a private conversation with her husband and the privilege was to be carefully guarded. 52 Mo. at 152. The decision in this case turns on special circumstances not present in *Berlin*.

■ The final matter of attorney's fees needs mention. The husband has not put

anything into his brief as to wherein and why this award to the wife should be reversed. His request for reversal on this portion of the judgment was not briefed and is without citation of authority, and thus is deemed abandoned. Rule 84.04(d), *Boswell v. Steel Haulers, Inc.*, 670 S.W.2d 906, 912 (Mo.App.1984).

The judgment of the trial court is affirmed as to attorney's fees to the wife. The judgment as it relates to child custody and support is reversed and remanded for a new trial. Costs to be taxed equally between the husband and wife.

RENDLEN, C.J., and HIGGINS, BILLINGS, BLACKMAR, DONNELLY and WELLIVER, JJ., concur.

GUNN, J., not sitting.