———o———

VICTOR B. BUCK, Respondent, *vs.* MALON ASHBROOK and MARY A. ASHBROOK, Appellant.

1. *Husband and wife—Wife competent witness, when.*—The wife is a competent witness where she is joined with her husband in a suit, except as to communications between herself and her husband.

*Ensworth, Hill and Carter*, for Appellants.

*A. H. Vories*, for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

This was a proceeding in the nature of suit in equity, instituted by Victor B. Buck, in the Buchanan court of common pleas, against Malon Ashbrook and Mary Ann Ashbrook his wife, to subject certain real estate, the legal title whereof was in the wife, to the debts of her husband. There is but one cause of action stated in the petition, and the court erred, in requiring the plaintiff to elect upon which cause he would proceed.

During the progress of the trial, however, the defendants offered to prove by Mary Ann Ashbrook who was introduced

and sworn as a witness, " that she did not have the conversation with W. S. Carter, nor make the statement to which he had testified; that she was not connected with any fraud, as charged in plaintiff's petition; that she did not authorize her husband to use her name or property in business; that she protested to him against his doing so, and that she took no part in the management of the business." The court refused to admit this testimony and the defendants excepted. .

This ruling of the court as to all that part of the evidence offered, except that which related to Mrs. Ashbrook protesting to her husband against the use of her name or her property in business, was erroneous. Our statute has very materially changed the rule as to the competency of a wife as a witness, leaving however the common law still in force as to her inadmissibility, respecting conversations with her husband, and this upon grounds of public policy.

Section 1., page 1372. 2. W. S., provides among other things :

"No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same, as a party or otherwise."

The admissibility of the wife as a witness when she was joined with her husband in a suit, was expressly held by this court in Tingley, et al., vs. Cowgill, et al., 48 Mo., 291, and in Moore vs. Moore, a suit for divorce, ante p. 118., the wife was held a competent witness.

As this cause must be retried, it may be well to suggest, that this record is very voluminous, covering some one hundred and twenty-two pages (when all the necessary matter might easily have been contained in a much smaller compass) and frequently so badly written as to be almost illegible, and much time, in consequence, has been needlessly spent. Clerks may perhaps be unaware, that our statute requires the "English language" to be used, "and written in a fair, legible character."

The decree is reversed and the cause remanded, Judge Vories, not sitting. The other Judges concur.