MARY E. KING, Appellant, v. WILL R. KING, Respondent.

Kansas City Court of Appeals, December 1, 1890.

1. **Evidence**: HUSBAND AND WIFE : CONFIDENTIAL COMMUNICATIONS : HEARSAY : RES GESTÆ. In a divorce proceeding by the wife, *held*,—

   (1) She cannot testify as to epithets spoken to her by the defendant, as such matter falls within the rule concerning confidential communications.

   (2) Plaintiff's declarations to her daughter concerning an assault by defendant were rightly excluded as not coming within the rule concerning *res gestœ*. (Per ELLISON, J.; SMITH, P. J., and GILL, J., expressing no opinion on this latter point.)

2. **Trial Practice**: CONTINUANCE OF MOTION FOR A NEW TRIAL. The trial court has the same discretion in hearing the application for the continuance of a motion for a new trial as in passing on continuances generally.

3. **Appellate Practice** : DIVORCE : DEFERRING TO FINDING OF TRIAL COURT. While in divorce cases it is the province of the appellate court to examine the evidence for itself, yet a case like this where the evidence is contradictory on every material issue and comes from members of the same family, all alike standing unimpeached, and personally before the trial judge, is peculiarly one in which deference should be paid to the finding of the trial court, and it should be made clearly to appear that manifest error has been committed in the conclusion reached before the judgment is disturbed.

4. **Trial Practice**: DIVORCE : APPEAL : SUBSEQUENT PROCEEDINGS AS TO CUSTODY OF CHILDREN. When a petition for a divorce, which prayed among other things for the custody of the children, is dismissed, the parties stand as before the suit with the right of the custody of the children ordinarily in the father, but an appeal takes up the question of such custody, and it is error to interfere with the appeal by supplemental proceeding awarding the custody of the children.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Samuel Boyd,* for appellant.

(1) The court erred in refusing to allow Mrs. King (the appellant) to testify as to indignities offered her, and particularly as to epithets applied to her by defendant in conversations between themselves. *Miller v. Miller,* 14 Mo. App. 419; *Darrier v. Darrier,* 58 Mo. 222; *Henry v. Sneed,* 99 Mo. 415. (2) The court also erred in refusing to permit Florence King to testify as to what her mother, the plaintiff, said to her immediately after her mother's face had been beaten and bruised on the twenty-second of September, 1888. It was part of the "*res gestœ.*" *State v. Matthews,* 98 Mo. 128; *Henry v. Sneed,* 99 Mo. 426. (3) The court erred in refusing plaintiff's application for continuance of motion for new trial. The newly-discovered evidence was in direct contradiction of the testimony of defendant to the effect that defendant did not curse or swear or use profane language, and was in direct contradiction of the testimony of Will King, Jr., and at the same time corroborative of the testimony for plaintiff and other witnesses as to other points. *Howland v. Reeves,* 25 Mo. App. 459. (4) The petition states facts sufficient to entitle the plaintiff to the relief prayed for, and its allegations were abundantly sustained by the evidence. *Doyle v. Doyle,* 26 Mo. 546; *Hoffman v. Hoffman,* 43 Mo. 547; *Clarkson v. Clarkson,* 23 Mo. App. 236; *Robbins v. Robbins,* 100 Mass. 150; s. c., 97 Am. Dec. 91; *Huiker v. Huiker,* 64 Tex. 1; *Moore v. Moore,* 41 Mo. App. 176; *Farnham v. Farnham,* 73 Ill. 497; *Gardner v. Gardner,* 2 Gray, 434; *Quincey v. Quincey,* 10 N. H. 272; *Warner v. Warner,* 31 N. J. Eq. 225; *Odom v. Odom,* 36 Ga. 286; *Langdon v. Langdon,* 25 Vt. 678; *In re Delano,* 37 Mo. App. 188; Bishop on Marriage and Divorce, secs. 43*a*, 45, 49, 51, 52, 58, 59 and 59*a*. Choking and beating of plaintiff, taken in connection with the fact

that defendant frequently, both before and after the beating, called her a "fool" and a liar, cursed her and shook his finger threateningly in her face, amply constituted the indignities contemplated by the statute. *Freeman v. Freeman*, 31 Wis. 235; *Clarkson v. Clarkson*, 23 Mo. App. 236. (5) The court had no jurisdiction to make any order in regard to custody of children after motion for new trial had been overruled, and affidavit for appeal had been filed. Its final judgment upon the merits had been made, and any subsequent judgment is a nullity, unless the final judgment be first set aside.

*John P. Strother*, for respondent.

(1) The court did not err in its rulings on the wife's testimony for two reasons: *First*. Husband and wife cannot testify as to communications between themselves in absence of third parties in divorce proceedings. R. S. 1889, sec. 8922; *Buck v. Ashbrook*, 51 Mo. 539; *Vogel v. Vogel*, 13 Mo. App. 588; *Miller v. Miller*, 14 Mo. App. 418; *Ayers v. Ayers*, 28 Mo. App. 97. This last case is peculiarly in point and forcible on the question. *Second*. An examination of plaintiff's entire evidence will show that first and last, especially on cross-examination, she told everything material that had been objected to by defendant, and it was neither ruled out nor objected to; and hence the first ruling could not be reversible error. *McGavy v. Railroad*, 36 Mo. App. 355. (2) Florence King's evidence of what Mrs. King told her was hearsay, and not part of the *res gestœ*. *Leaching v. Railroad*, 97 Mo. 168. In *State v. Matthews*, 98 Mo. 128, the evidence was of an admission against interest. In *Henry v. Sneed*, 99 Mo., the evidence was not hearsay, but messages from the "fraud-feasor." Mrs. King gave fully her own version of that affair on witness stand, and then sought to reinforce her evidence by what she told somebody else in

her own favor. And the court heard Florence's evidence provisionally. (3) So far as plaintiff's motion for new trial is based on so-called newly-discovered evidence, it is groundless for the following reasons: *First*. It is not sworn to either by plaintiff or any witness. *Culbertson v. Hill*, 87 Mo. 553, 556; *Caldwell v. Dickson*, 29 Mo. 228-9. Especially see *State v. Ray*, 53 Mo. 345, particularly at bottom of page 347 and top of page 348, and then on page 349. *State v. Crawford*, 99 Mo. 80. *Second*. It shows neither diligence to get the new evidence, nor even a statement that the plaintiff did not in fact know of its existence at the time of or before the trial. Indeed, it shows that she did know that the proposed witnesses had been domestics in the family, and, if such evidence existed, she ought to have had it on the trial. *State v. Ray*, *supra*, and authorities cited; *State v. Crawford*, 99 Mo. 88. *Third*. The testimony is cumulative. *Donovan v. Ryan*, 35 Mo. App. 160; *Dollman v. Munson*, 90 Mo. 89, 90; *Culbertson v. Hill*, 87 Mo. 553.

ELLISON, J.—Plaintiff began this suit for divorce from the defendant, her husband, and custody of minor children, alleging, as grounds of divorce, indignities, consisting of alleged cruel treatment, opprobrious epithets and assault and battery. There was no cross-bill. The trial court after hearing the testimony dismissed the petition, and plaintiff appeals.

It is urged that the court erred in not permitting plaintiff to testify as to epithets spoken to her by defendant. Such matter has been several times held to be such a communication as falls within the spirit and terms of the law concerning the sacred and confidential relation existing between husband and wife. We rule the point against plaintiff. *Buck v. Ashbrook*, 51 Mo. 539; *Miller v. Miller*, 14 Mo. App. 418; *Ayers v. Ayers*, 28 Mo. App. 97. The cases cited us by counsel, as

establishing a different rule, are not thought to be applicable.

It was further objected that a daughter of the parties should have been permitted to testify as to what her mother, the plaintiff, told her after the assault and battery charged. It appears that the daughter was sleeping on the second floor and her father and mother on the lower floor. The testimony was heard and excluded. It was as follows: "I have noticed the treatment of my mother by my father. He was very abusive at times. On September 22, 1888, he resorted to violence. About twelve o'clock that night my mother came to my room, and I saw that she was in trouble; she told me how my father had conducted himself. I noticed her face that night and also the next morning. It was black the next morning. My mother told me how it became bruised. She said my father had become very angry over a conversation between them, and he sprang at her and grasped her by the throat and beat her in the face with his fists." The reception of declarations of a party in his own behalf is exceptional, and, whenever claimed, the claimant should make it appear that such testimony comes within the rule concerning the *res gestæ*. Looking at the testimony quoted, and conceding that the plaintiff left her room and went up stairs to her daughter's room immediately after the beating charged, it does not appear that she immediately told her daughter how the bruises came on her face. The daughter evidently uses the words black and bruise as the same, and it can be as well said that the mother told her next morning how the bruises came on her face as immediately upon going into her room that night. We, therefore, deny the objection.

Nor do we see any just ground for interfering with the court's discretion as to overruling plaintiff's application to continue the motion for new trial. An application for the continuance of a motion for a new trial is

somewhat out of the usual order of procedure, but we can see no reason why the trial court's discretion as to continuances generally should not apply, at least, with as much force to an application like this. An examination of the reasons assigned in support of this motion has failed to satisfy us that there has been an abuse of discretion.

This brings us to a consideration of the testimony in the cause. It was given by witnesses personally present in court. On every material issue it is contradictory. It covers a space of some twenty-seven years of matrimonial life, involving considerable of trivial matter, but we may say that, if *all* that was shown in plaintiff's behalf was conceded or admitted, it would entitle her to a divorce ; but when it appears, as it does here, that the testimony for plaintiff, on all material points, is met by that for defendant showing the matter in an altogether different light ; and when it is further considered that much of this testimony, for either side, comes from members of the same family, all alike standing unimpeached and personally before the trial judge, it strikes us as being peculiarly one of those cases in which deference should be paid to his finding. In divorce cases it is our province to examine the testimony for ourselves, but at the same time, in a case of this nature, with evidence of the character of that presented in the record before us, it should be made clearly to appear that manifest error has been committed in the conclusion reached. *Nichols v. Nichols*, 39 Mo. App. 291. We shall, therefore, not disturb the judgment dismissing plaintiff's petition.

It appears however, that after the trial of the divorce, resulting as before stated, and after an appeal had been granted to this court, the court below, on motion of defendant, awarded to him the custody of the four minor children, the custody of whom, plaintiff had asked in her petition. When the petition for

divorce was dismissed, the parties stood as before the suit was instituted, the father being the natural guardian, and entitled, ordinarily, to the custody of the minor children. But within the time permitted by law the plaintiff appealed her case to this court. Such appeal, in our judgment, brought up also the question of custody of the children which was asked for in the petition. The appeal should not have been interfered with by these supplemental proceedings, had by filing a motion in the cause. The illegal restraint of children,. or their custody, cannot be settled in this way. We, therefore, hold the order for naught and leave the parties standing as though it had not been made. But the judgment dismissing the petition and discharging defendant is affirmed. All concur.

SMITH, P. J., and GILL, J., express no opinion on the ruling of the court in excluding the plaintiff's declarations to her daughter as they do not believe such testimony, if admitted, should have changed the result.