WILLIAM F. BAIER v. FLORENCE BAIER.[1]

December 24, 1903.

Nos. 13,635—(152).

**Divorce.**

In this, an action for divorce by the husband against his wife on the ground of cruel and inhuman treatment, it is *held* that the finding of the trial court to the effect that she was not guilty of cruel and inhuman treatment, and that she was justified in leaving and remaining away from his home by reason of his cruel conduct towards her, is sustained by the evidence.

**Attorney's Fee.**

The trial court did not err in allowing the defendant attorney's fees and for her support pending the litigation.

**Separate Action for Support.**

A wife who is living apart from her husband for a cause legally justifying her may maintain, independent of an action for a divorce, an equitable action against him for her separate support.

Action in the district court for Hennepin county for an absolute divorce on the ground of cruel and inhuman treatment. Defendant, answering, made countercharges of cruelty on the part of plaintiff, and prayed for an allowance for her separate support. The case was tried before Spooner, J., sitting for the judge of the Fourth judicial district, who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*F. J. Leonard* and *Stevens, O'Brien, Cole & Albrecht,* for appellant.

*Chas. R. Fowler* and *Chas. G. Hinds,* for respondent.

START, C. J.

On September 24, 1902, the plaintiff, a youth of twenty-three years, and the defendant, a maid eighteen years old, were married to each other. Some two months thereafter, and on December 4 of the same year, the defendant left the plaintiff, and returned to her father's house. The plaintiff fourteen days thereafter brought this action against her for an absolute divorce on the ground of her alleged cruel and inhuman

[1] Reported in 97 N. W. 671.

treatment of him. The complaint alleges that the defendant threatened to leave the plaintiff, neglected to care for him when he was seriously ill; that she swore at him, and assaulted him with her fists and a chair, and threatened to kill him; that she was big and strong, but refused to cook, wash, and mend for him; that she was addicted to the habit of reading novels; that she was possessed of an ungovernable temper; that she has since her marriage to the plaintiff been lazy and untidy; and, further, that on December 4, 1902, when he was ill in bed, and unable to care for himself, she deserted him, leaving no one to care for him.

The answer put in issue the allegations of the complaint as to cruel and inhuman treatment, and for further answer to the complaint and as a cross-bill the defendant alleged the marriage of the parties, their ages, and their place of residence, respectively; that the plaintiff was guilty of cruel and inhuman treatment of her, stating the acts and conduct of the plaintiff toward the defendant; and that on the day she left the plaintiff he struck her with his fist, swore at her, and ordered her to leave the house, and that she did so. She also alleged in her answer the amount and value of the plaintiff's property, and concluded as follows:

> "Therefore defendant prays the judgment of this court for such support and allowance as is allowed her by law, and for such relief as to the court shall seem just and equitable."

The reply put in issue the allegations of the answer. The defendant also made a motion for a further allowance for attorney's fees and temporary support. The hearing of this motion was deferred by the trial court, with the consent of the parties until the testimony on the trial was closed.

After hearing the evidence, the trial judge made his findings of fact to the effect that the allegations of the complaint charging the defendant with cruel and inhuman treatment of the plaintiff were untrue; and, further,

> "That the conduct of the defendant in so leaving the home of the plaintiff and remaining away therefrom was induced by the unkind, improper, and cruel conduct of the plaintiff towards

her, and in so leaving and remaining away from the home of the plaintiff the defendant was and is fully justified; * * * that the plaintiff is of sufficient ability to provide reasonable support for the defendant, and that under the facts and circumstances of this case he ought to do so."

As a conclusion of law the court found that the plaintiff was not entitled to any relief, that defendant have judgment awarding her, until the further order of the court, $18 per month, to be paid to her by the plaintiff on the first day of each month; and, further, upon her application for attorney's fees and temporary support $100 be allowed her for attorney's fees and $49 for her expenses. The plaintiff appealed from an order denying his motion for a new trial.

1. The plaintiff assigns as error certain rulings of the trial court as to the admission of evidence. No exception was taken to any of the rulings on the trial, nor were any of them specified as errors on the motion for a new trial; therefore we cannot consider any of them. Olson v. Berg, 87 Minn. 277, 91 N. W. 1103.

2. It is urged that the court erred in finding, in effect, that the defendant was not guilty of cruel and inhuman treatment of the plaintiff, but that she was justified in leaving his home on account of his cruel conduct, because such finding is not justified by the evidence. So far as the finding relates to the defendant's alleged cruel and inhuman treatment of the plaintiff, it is unquestionably supported by the evidence. Most of the charges alleged in the complaint are of a character that would not justify a divorce, even if admitted, for they do not constitute cruel and inhuman treatment within the legal meaning of the term. The evidence as to the charge that the defendant assaulted the plaintiff and threatened to kill him, and the charge that she deserted him when he was sick in bed, leaving no one to care for him, was conflicting, but it was ample to sustain the finding of the court as to the defendant's alleged misconduct.

Whether the finding that the defendant was justified in leaving and remaining away from the home of the plaintiff is sustained by the evidence is a more serious question. A wife is only justified in leaving her husband when she can no longer remain in his home consistent with her health or her personal safety or her self-respect. We are

impressed by the evidence that neither of the parties had any appreciation of the duties and obligation imposed by the marriage relation, and that the defendant did not make out a very strong case of justification of her conduct in leaving her husband. There is, however, evidence in the case fairly tending to support the finding in question, if full credence be given to it, as the trial court seems to have done, and we hold that it is supported by the evidence.

3. The next alleged error is that the court erred in allowing $100 attorney's fees and $49 for the support of the defendant pending the litigation. The motion for such allowance was made before the trial, and by direction of the court and consent of parties it was held open until the close of the testimony, when the allowance was made. The case of Wagner v. Wagner, 34 Minn. 441, 26 N. W. 450, relied upon by the plaintiff, is not in point. In that case the allowance was made after the dismissal of the action, but in this case the allowance was made pending the action. The trial court did not err in making it.

4. The last assignment of error meriting consideration is to the effect that it was error for the court to allow the defendant $18 per month, or any other sum, for her separate support. The trial court based its right to provide for the separate maintenance of the defendant upon the equitable powers of the court, and counsel for the defendant urges that its action was not only within the equitable powers of the court, but was authorized by statute (G. S. 1894, c. 62, tit. 2, relating to limited divorces). A majority of the court are of the opinion that the defendant did not, by her answer, bring the case within the statute. This brings us to the important question in this case, which is this: May a wife, who is living apart from her husband for a cause legally justifying her, maintain, independent of an action for a divorce, an equitable action against him to recover an allowance for her separate support?

The courts of equity in England had no power to award alimony to the wife in an independent action for that purpose, and a majority of the courts of this country follow the English rule. 2 Pomeroy, Eq. Jur. § 1120. The rule which should obtain was stated by Judge Story as follows: "In America a broader jurisdiction in cases of alimony has been asserted in some of our courts of equity, and it has been held that, if a husband abandons his wife, and separates himself

from her without any reasonable support, a court of equity may in all cases decree her a suitable maintenance and support out of his estate, upon the very ground that there is no adequate or sufficient remedy at law in such a case; and there is so much good sense and reason in this doctrine that it might be wished it were generally adopted." 2 Story, Eq. Jur. § 1423.

In his notes to the case of In re Popejoy (26 Colo. 32) 77 Am. St. Rep. 230, Mr. Freeman, after stating the English rule, says: "There is, however, abundant authority that a wife may bring a separate action to recover an allowance for her separate support and maintenance independent of any suit for divorce. The later and better considered cases tend to support this view, and we are inclined to agree with Story that there is so much good sense and reason in this doctrine that it might be wished that it might be generally adopted. * * * These authorities discard English precedents as not applicable to courts of equity in this country." See 1 Bishop, Mar. & Div. §§ 1403, 1409.

The ground upon which the cases holding that a court of equity has jurisdiction of an action to compel the husband to supply alimony to his wife who is rightly living apart from him is the absolute duty of the husband to support his wife when he has, by his conduct, driven her from his home, and the inadequacy of any legal remedies to enforce the duty. The wife's legal remedy in such a case is to pledge her husband's credit for necessaries, but this is wholly inadequate, especially in this state, where the exemptions of property from execution are liberal. Again, whoever furnishes the wife with supplies on the credit of her husband must take the risk, not merely of his solvency, but also the burden of establishing, before he can collect his bill by suit, the fact that the wife was justified in leaving her husband. Few business men are willing voluntarily to assume such burdens and risks, and, if the wife's sole remedy is her right to get necessaries on the credit of her husband, it is in truth a very inadequate, uncertain, and humiliating one. Such a remedy involves a multiplicity of suits, for each person furnishing his wife with supplies must, if the husband refuses to pay, bring separate action to recover therefor.

It is, however, said that the wife has an adequate remedy by an action for a divorce, absolute or limited, in which the court has the unquestioned right, as an incident to the divorce action, to award her

alimony. But there may be reasons why she does not wish a divorce, either absolute or limited, the sufficiency of which she must in conscience be the judge. A court of equity ought not in such a case to require her to bring the action for divorce or starve unless she can find some one who is willing to make her cause his own, and furnish her with necessary supplies on the credit of her recreant husband. Nor is the jurisdiction of equity, if it ever existed, to entertain a separate action for support, taken away by Laws 1903, p. 326 (c. 222) providing for the punishment of husbands who abandon their wives and refuse to provide for them.

We accordingly hold, on principle and authority, that a wife who is living apart from her husband for a cause legally justifying her may maintain an equitable action against him for an allowance for her separate support. Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017; Almond v. Almond, 4 Rand. 662; Rhame v. Rhame, 1 McCord, Eq. 197; Earle v. Earle, 27 Neb. 277, 43 N. W. 118; Bueter v. Bueter, 1 S. D. 94, 45 N. W. 208; Edgerton v. Edgerton, 12 Mont. 122, 29 Pac. 966; In re Popejoy, 26 Colo. 32, 55 Pac. 1083; notes to same case, 77 Am. St. Rep. 228.

It follows that the trial court did not err in making an allowance for the separate support of the defendant until the further order of the court.

Order affirmed.