SUSANNA B. STEPHEN v. ARTHUR STEPHEN.[1]

November 8, 1907.

Nos. 15,330—(49).

**Desertion of Wife—Separate Property—Separate Maintenance.**

A wife who has been wrongfully deserted by her husband for a period which will enable her to maintain an action for divorce may, instead of seeking a divorce, maintain an action against the husband, under R. L. 1905, § 3610, for a decree debarring him from any interest in her real estate, and in the same action obtain an allowance for the support of herself and minor child.

Action in the district court for Washington county to recover for the support of plaintiff and her minor child, for judgment giving her absolute control of her separate property with power of alienation and debarring defendant from any right in her property. The case was tried before Williston, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered thereon, defendant appealed. Affirmed.

*J. C. Nethaway,* for appellant.

*J. N. Searles,* for respondent.

ELLIOTT, J.

This was an action brought by a wife against her husband for the purpose of obtaining support for herself and minor child and a judgment giving her the absolute control of her separate property, with full power of alienation without the consent of her husband. The court granted the relief prayed for, and the defendant appealed from the judgment.

The appellant contends that a court has no power to make an allowance for the support of the wife and child in an action of this character. No question as to the improper joinder of causes of action was raised. The complaint alleged, and the court found, acts sufficient to authorize the granting of a divorce. Under our statutes a

[1] Reported in 113 N. W. 913.

wife is entitled to support where the facts justify a divorce without asking for a decree of divorce. There is no question but that the facts found by the court in this case entitled the wife to support for herself and child and also to a judgment barring the interests of the husband in her separate property. The facts justified either form of relief, and we see no reason why both may not be awarded in the same action. In Baier v. Baier, 91 Minn. 165, 97 N. W. 671, it was held that a wife who was living apart from her husband for a cause legally justifying her may maintain an equitable action against him for her separate support.

The relief authorized by section 3610, R. L. 1905, grows out of the same facts and is not inconsistent with the right to support. The duty which the law imposes upon a husband to support his wife is absolute, and not dependent upon her ability to support herself by her own labor or out of her own property. The support and maintenance which may be secured in an equitable action is not "alimony," as the word is to be understood in the divorce statutes. By wrongfully deserting his wife the husband does not escape the duty of supporting her, and in addition thereto subjects himself to the risk of being debarred from any interest in her separate property.

The judgment is affirmed.