SOPHIE HEINZE v. JULIUS A. HEINZE.[1]

January 29, 1909.

Nos. 15,892—(136).

**Limited Divorce.**

Under a complaint for an absolute divorce on the ground of cruel and inhuman treatment, a court may grant a limited divorce. Wagner v. Wagner, 36 Minn. 239, followed and applied.

**Finding Insufficient.**

A finding that the conduct of a husband to his wife was "improper" does not conform to the requirements of the second subdivision of section 3598, R. L. 1905.

**Same—Evidence.**

Findings that allegations of a complaint were true, except as to personal assaults and refusal to furnish medical aid, *held* to have been insufficient to sustain an order granting a limited decree, because the allegations as to such assaults and medical aid were so interwoven with other allegations of cruel and inhuman treatment, and the evidence pertinent to each so interrelated, that on the exclusion of assaults and medical aid not enough remained to make out a case of cruel and inhuman treatment.

Action in the district court for Ramsey county for divorce on the ground of cruel and inhuman treatment and for alimony. The case was tried before Kelly, J., who made findings and as conclusions of law found plaintiff was not entitled to an absolute divorce, but ordered that plaintiff have judgment separating her from the bed and board of defendant until the further order of the court, and for her support the sum of $75 per month, the same to be made a specific lien upon defendant's real property. Defendant's motion to strike out certain of the findings was denied. From the judgment entered pursuant to the findings, defendant appealed. Reversed.

*A. F. Storey* and *Durment & Moore,* for appellant.

*Otto Kueffner,* for respondent.

JAGGARD, J.

Plaintiff and respondent brought an action against her husband for a divorce, for alimony, and "for such other and further relief as to the

[1] Reported in 119 N. W. 489.

court may seem meet and proper.". Defendant's answer denied the allegations of the complaint as to cruel and inhuman treatment alleged therein, and set forth facts as to his ability to pay alimony, and prayed that the action be dismissed. The trial court granted plaintiff a divorce from bed and board and required defendant to pay $75 per month alimony.

The first question presented upon this appeal is whether the court could grant a separation, or was limited to granting or refusing an absolute divorce. It was pointed out in Wagner v. Wagner, 36 Minn. 239, 30 N. W. 766, that "the formal allegations required in the complaint [for absolute divorce] include everything that is required in the complaint [for a limited divorce]. Cruel and inhuman treatment, as a cause for divorce, is common to both. The two actions are intimately related to each other. The relief asked for in an action for absolute divorce may be said to include the relief asked for in an action for limited divorce, in the same sense in which the whole includes the part. They seek for different degrees of change in the marriage relation, and concern the same subject-matter. Fera v. Fera, 98 Mass. 155." And see Grant v. Grant, 53 Minn. 181, 54 N. W. 1059; Salzbrun v. Salzbrun, 81 Minn. 287, 83 N. W. 1088; Baier v. Baier, 91 Minn. 165, 97 N. W. 671. Consistently with this rule, we think that it is good practice to make clear in the complaint what sort of a divorce is sought, in order that the defendant may know exactly what he has to meet and prepare his evidence accordingly. The application of this principle, however, does not involve a reversal so far as this case is concerned. The complaint prays for other relief. The relief granted was a possible one on the facts alleged. Our attention is called to no evidence which the defense could have produced which would have put a different aspect upon the relations between the parties. We will not presume that such evidence existed.

The next question is whether the relief granted is justified by the facts which the court found to be true. The substance of its findings is as follows: That particularly during the last five years the course of conduct of the defendant towards the plaintiff has been inconsiderate and unkind to a degree that renders it improper for her longer to cohabit with him, and that, save as to the alleged personal assaults, found not true in the second finding, and the allegations of refusal by

defendant of medical aid and services to his wife, which are also found not true, "the allegations of the complaint as to cruel treatment are true." It is certain that these findings would not justify adjudging a separation for the second ground specified in section 3598, R. L. 1905, namely, "Such conduct on the part of the husband towards his wife as may render it unsafe and improper for her to cohabit with him"; for the court found merely that the husband's conduct rendered it "improper," and not "unsafe and improper," for her to cohabit with him.

The essential question is, then, whether, excluding charges of personal assaults and refusing medical aid (found not to be true), the allegations of the complaint are sufficient to make out a case of cruel and inhuman treatment by the husband. The possibly resulting allegations are these: When the wife was sick, or complained, the husband would speak to her harshly and find fault with her, and claim that she was shamming, and repeatedly told her that if she did not want to work, or could not stand the work, she had better leave it, and he would get some one who could stand it. On a specified occasion he got very angry, and commenced to quarrel with her, and told her to keep still. At different times he quarreled with her and used bad language towards her, calling her names, saying that she was crazy, and applying improper epithets toward her in German and English. The husband allowed the wife to be insulted by the hired man, both in his presence and when he was not present, and whenever she complained about it he would side with the hired man and blame her. These allegations are so interwoven with charges of assaults and refusal to furnish medical aid, and the evidence pertaining to such assaults and failure is so interrelated with evidence as to other misconduct, that it is impossible to see how the limited divorce is sustained by the record, in view of the express findings of the court that those charges of assault and refusal of medical aid were untrue, or to hold that they constitute cruel and inhuman treatment, as this court defined it in Williams v. Williams, 101 Minn. 400, 112 N. W. 528.

The remaining question concerns the allowance of the alimony. It is clear that defendant had received a salary of $125 per month, and that he received rentals amounting to $75 per month. Defendant's full actual net income, however, was not actually shown. It is contended, and the record tends to sustain the contention, that counsel for defense

were led to believe that, if any divorce was to be granted under the pleadings, it could be an absolute one only, involving a fair division of the property, and that no effort was accordingly made to show defendant's actual net income. In this respect, we think, defendant has been prejudiced by the form which the proceedings finally assumed.

Reversed.