CAROLINE C. JACOBS v. ALBERT W. JACOBS.[1]

February 23, 1917.

Nos. 20,130—(233).

**Divorce — custody and support of children.**

    1. In an action by a wife for a divorce in which she fails to establish facts authorizing either a divorce or decree of separation, but in which it appears that the parties are living apart, the court may award the custody of the children to her and require the husband to contribute toward their support.

**Statute — construction of borrowed statute by foreign court.**

    2. Although the statute be copied from the statutes of another state, the construction given it in that state is not necessarily controlling, where the courts of that state feel constrained to treat it as merely a revision of a former statute of that state and to give it the restricted operation of such former statute, notwithstanding the fact that the re-

[1]Reported in 161 N. W. 525.

strictive provisions contained in the former statute have been eliminated —especially when giving effect to the fair import of the language used, will make our law more complete and harmonious.

**Father's duty to support his children.**

3. The duty of the father to provide for his children continues whether they remain in his custody or not, unless the court, in some proceeding in which that question was involved and determined, has made express provision for their support of such a nature as to relieve him from further liability. His liability for their support is not limited by the regulations governing the allowance of alimony to the wife.

Action for divorce in the district court for St. Louis county. The case was tried before Ensign, J., who made findings, denying plaintiff a divorce, giving her the custody of the children, and directing defendant to pay her $15 per month for their support. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Jaques & Hudson* and *Robert Jaques,* for appellant.
*John H. Norton,* for respondent.

TAYLOR, C.

Plaintiff brought this action for an absolute divorce on the ground of cruel and inhuman treatment. The court made findings as to the residence, marriage and separate property of the parties, and also that there were three children, issue of the marriage, the eldest of whom was six years of age, and further found: "That plaintiff has failed to establish by the evidence adduced on the trial thereof the allegations of cruelty contained in her complaint."

"That the circumstances are such that the plaintiff and defendant feel that they are unable to live together."

The court rendered judgment "that plaintiff is not entitled to a divorce," but giving her the custody of the three children, and requiring defendant to pay her the sum of $15 per month for their support. Defendant appealed from the judgment.

The evidence is not returned, and the case is submitted upon the judgment roll. The question presented is whether, in an action by a wife for a divorce in which she fails to establish any ground for either a

divorce or a decree of separation, but in which it appears that the parties are in fact living apart, the court may award the custody of the children to her and require the husband to contribute toward their support.

Sections 7111 to 7133, General Statutes of 1913, contain the statutory provisions authorizing and regulating actions for an absolute divorce, and sections 7134 to 7141 contain the statutory provisions authorizing and regulating actions for a separation from bed and board. Section 7122, found in the statute governing proceedings for an absolute divorce, provides that the court, upon adjudging a divorce or separation, may make such order as it deems just and proper concerning the care, custody and maintenance of the minor children, and may determine with which parent they, or any of them, shall remain. This section authorizes the court to make proper provision for the children as an incident to a decree of divorce or separation, and does not apply in the present case, as neither a divorce nor a separation is adjudged. Section 7139, found in the statute governing proceedings for a separation, provides that the court, upon adjudging a separation, may make such order and decree for the suitable support of the wife and her children by the husband, as may appear just and proper. This section does not apply to the present case as no separation is adjudged. Section 7140, also found in the statute governing proceedings for a separation, provides: "Although a decree for separation from bed and board be not made, the court may make such decree for the support of the wife and her children, or any of them, by the husband, or out of his property or earnings, as the nature of the case renders suitable and proper." If this section be given the full effect imported by the language used, it is broad enough to authorize the judgment in controversy. But defendant contends that this section must be construed as authorizing the court to make provision for the custody and support of the children only in those cases in which the proven facts establish a statutory ground for decreeing a separation, and also disclose sufficient reasons for granting only a separate maintenance and not a legal separation; that, if grounds for a decree of separation exist but the wife does not desire such decree, or has waived her right thereto, or the court for some reason deems such decree improper or

inadvisable, in such cases and in such cases only, a separate maintenance may be granted under this section.

In support of his contention, he insists that construing this section as authorizing a provision for the custody and support of the children where no facts are established justifying a legal separation, would make it inconsistent with sections 7137 and 7139.   He argues that that part of section 7139 which authorizes the court to make an order providing for the custody of the children and for the maintenance of the wife and children, upon adjudging a separation, would be superfluous and without effect if section 7140 authorized the making of such provision in all cases.

We do not consider these two sections inconsistent.   The former is confined by its terms to cases in which a separation is decreed; the latter extends the power to make provision for the custody of the children and for maintenance to cases in which a separation is not decreed.   The latter provides for a state of affairs not provided for by the former. Defendant also insists that section 7140, if given the meaning which its broad language seems to import, is inconsistent with section 7137 which provides that "the defendant may prove in his justification the ill conduct of the plaintiff, and, on establishing such defense to the satisfaction of the court, the complaint shall be dismissed." Defendant urges that the requirement that the complaint be dismissed, if this defense be established, is inconsistent with the theory that the court retains power to grant relief under section 7140' in such cases.   While this argument is not without force, yet the two sections may be harmonized and both be given effect by construing the one as requiring the dismissal of the main action when the ill conduct of the plaintiff is established, and the other as authorizing such provision for the wife and children as the circumstances may render necessary when the main action shall fail.   This construction gives an effect to both sections which accords with the evident purpose of the statute when considered as a whole.   As throwing light upon the effect which ought to be given to these provisions, we will refer briefly to the nature and extent of some of the rights and obligations upon which they bear, and to some of the rulings made in cases more or less similar.

Under the rules of the early common law, the father was entitled

to the custody of his children as against the mother under almost all circumstances, and the cases were few and exceptional in which their custody could be given to her, although she lived apart from her husband on account of his misconduct. The rule governing these relations has been gradually changing until now the rule giving the father the custody of the children as against the mother has been entirely abrogated in this state by the statute which provides that the father and mother, unless unsuitable, "are equally entitled to their custody and the care of their education." G. S. 1913, § 7442.

The early decisions which held, in accordance with the former common law rule, that the court could not give the custody of the children to the mother and require the father to provide for their support, except as an incident to a decree of divorce or of separation, are not in harmony with the present state of the law; and the decisions, which by construction restricted the operation of statutory provisions, containing no restrictive terms, to cases in which statutory grounds for a separation had been established, have lost much of their persuasive force. It is now settled that the court, under its general equitable powers and without statutory authority, may provide for a separate maintenance for the wife and her children, although she seeks neither a divorce nor a decree of separation, if she establishes a legal cause for living separate and apart from her husband. Baier v. Baier, 91 Minn. 165, 97 N. W. 671; Stephen v. Stephen, 102 Minn. 301, 113 N. W. 913; Heinze v. Heinze, 107 Minn. 43, 119 N. W. 489; Lang v. Lang, 70 W. Va. 205, 73 S. E. 716, 38 L.R.A. (N.S.) 950, and cases cited in note appended to report of that case in Ann. Cas. 1913D, 1129. It is also settled that, if a divorce be granted for the misconduct of the husband and the custody of the children be awarded to the wife without any provision concerning their support, the obligation of the husband to support them still continues and may be enforced in a separate action. Spencer v. Spencer, 97 Minn. 56, 105 N. W. 483, 2 L.R.A.(N.S.) 851, 114 Am. St. 695. Cases to the same effect in other jurisdictions are cited in note appended to report of this case in 7 Ann. Cas. 901.

It is also settled in all jurisdictions that, if for any reason a husband and wife have in fact separated and are living apart, the court, when its power is invoked by *habeas corpus* proceedings, may determine

which parent shall have custody of the children, and that the court in such cases will place the interests of the children above the rights of either parent, and will make such provision for their care and custody as will best secure their future welfare. State v. Flint, 63 Minn. 187, 65 N. W. 272; State v. O'Malley, 78 Minn. 163, 80 N. W. 1133; State v. Greenwood, 84 Minn. 203, 87 N. W. 489; State v. Anderson, 89 Minn. 198, 94 N. W. 681; Gauthier v. Walter, 110 Minn. 103, 124 N. W. 634; State v. White, 123 Minn. 508, 144 N. W. 157.

As will be seen in the cases cited, this has become the universal rule, and the custody of the children may be awarded to the wife under a writ of *habeas corpus,* if for their best interest, although the husband has been guilty of no misconduct justifying a separation.

In several jurisdictions in which the question has arisen, the courts, acting sometimes under statutory authority and sometimes without such authority, have held that, in an action for divorce which fails because no ground therefor is proven, the court, although dismissing the action for divorce, may nevertheless make such provision as it deems necessary for the care, custody and education of the children.

In Cornelius v. Cornelius, 31 Ala. 479, and in Anonymous, 55 Ala. 428, cases in which the wife brought suit for divorce but failed to establish any ground therefor, the court awarded her the custody of the children, under a statute authorizing it to do so in cases of separation where neither parent obtained a divorce.

In Johnson v. Johnson, 57 Kan. 343, 46 Pac. 700, the wife brought suit for divorce on the ground of cruelty. The court held that she had failed to establish this charge and was not entitled to a divorce, but awarded her the custody of her child, and held that a proper provision for its support could be made in that action under the Kansas statute.

In Hoskins v. Hoskins, 28 Ky. Law Rep. 435, 89 S. W. 478, the application of the wife for a divorce was denied, but she was held entitled to the custody of the children.

In Defee v. Defee (Tex.) 51 S. W. 274, the father brought suit for divorce and for custody of the two children. The court refused the divorce but awarded the custody of one child to the father and of the other to the mother. It also held that the duty of the father to support

the child given to the mother still remained, but that no provision for such support should be made in the judgment in that action.

In Graves v. Graves, 50 Oh. St. 196, 33 N. E. 720, the court held that the wife had failed to establish grounds for a divorce but had sufficient cause to leave her husband, and dismissed her petition for divorce but awarded her alimony.

In Knoll v. Knoll, 114 La. 703, 38 South. 523, the father brought suit for a separation *a mensa* and for custody of the children. He failed to prove grounds for a separation, but the court awarded him the custody of the children, not as a matter of right, but on the ground that he was in a better situation to care for them than the mother.

In Anderson v. Anderson, 124 Cal. 48, 56 Pac. 630, 57 Pac. 81, 71 Am. St. 17, under a statute quite similar to our own, where the wife failed to establish grounds for a divorce, she was given a separate maintenance with an allowance for the support of her minor child.

In Horton v. Horton, 75 Ark. 22, 86 S. W. 824, 5 Ann. Cas. 91, the wife brought suit for divorce. The chancellor found that she had failed to sustain her charges against her husband, but that the parties were living separate. He denied the divorce, but awarded her $12 per month for support of the children and gave each parent custody of them alternately for a month at a time. The court say:

"Can a chancery court, when it denies a divorce, award custody of the children of the parties to the suit?"

"This question has been answered negatively in New York and Georgia (Davis v. Davis, 75 N. Y. 221; Keppel v. Keppel [92 Ga. 506], 17 S. E. 976), and affirmatively in other states. Luck v. Luck, 92 Cal. 653 [28 Pac. 787]; Cornelius v. Cornelius, 31 Ala. 479; 2 Nelson, on Marriage and Divorce, § 979; 2 Bishop, on Marriage and Divorce, § 1185.

"A learned writer on the subject of marriage and divorce points out that in those states holding that custody of children cannot be awarded, under the divorce statute, when the divorce is denied, the order could be made in *habeas corpus* proceedings; and that there is no reason why it should not be made in the divorce case when all the parties are before it, instead of remitting the parties to the other remedy. Nelson, on Marriage and Divorce, § 979. This reasoning commends itself to

the court. While it looks beyond the authority of the chancery court in divorce suits where no divorce is granted to award the custody of the children, yet it cannot be questioned that the chancellor of that court is invested with full power to award custody of minor children for their best interests on *habeas corpus* proceedings. It seems idle to turn parties out of court, and invite them into the chancellor's chambers for the same relief sought in court. There is no separation of the family here brought about by the court in making this order. The court merely recognized and found the facts existing, and then made an order for the well-being of the children, preserving the right of each parent to alternate custody and at all times to visitation."

Other courts hold that, where a divorce is refused for failure to prove the facts alleged as grounds therefor, the court can make no provision for the custody or support of the children. Garrett v. Garrett, 114 Iowa, 439, 87 N. W. 282; Thomas v. Thomas, 250 Ill. 354, 95 N. E. 345, 35 L. R. A.. (N. S.) 1158, Ann. Cas. 1912B, 344; Keppel v. Keppel, 92 Ga. 506, 17 S. E. 976; King v. King, 42 Mo. App. 454; Davis v. Davis, 75 N. Y. 221.

Our statute concerning separations *a mensa et thoro* is apparently copied from the statute of New York, and for that reason defendant relies largely upon the decisions of that state to support the construction which he contends should be given to section 7140. It is true that the courts of New York hold that neither the custody of the children nor a separate maintenance can be given to the wife under the similar section in their statute, unless the facts proven are sufficient to warrant a decree of separation *a mensa*. Atwater v. Atwater, 36 How. Pr. 431; Davis v. Davis, 1 Hun, 444; Douglas v. Douglas, 5 Hun, 140; Davis v. Davis, 75 N. Y. 221; Robinson v. Robinson, 146 App. Div. 533, 131 N. Y. Supp. 260; Kamman v. Kamman, 151. N. Y. Supp. 226. Some of these decisions in the lower courts were rendered prior to the enactment of our statute in 1876, but the decision of the court of appeals was not rendered until later. These decisions lose some of their persuasive force from the fact that the New York statute was a revision and re-enactment of a former statute, which in terms limited the power conferred by this section to cases in which a sufficient cause for a separation had been established; and the court took the position that the legislature did not

intend to enlarge the scope or purpose of the former statute. On account of this fact and of the asserted inconsistency, to which we have already adverted, between this section and other sections of the act, the court construed the revised section as conferring no greater power than had been conferred by the former statute, the operation of which had been limited in express terms to cases in which a cause for separation had been established. Davis v. Davis, 75 N. Y. 221. While denying relief in the divorce action, the court say in this same case [p. 228]: "The remedy by *habeas corpus* is open to the plaintiff, and she may, by a direct proceeding, have the right to the custody of the children determined, as between herself and her husband."

This section had not been construed by the court of appeals at the time it was adopted by our legislature, and as that court felt constrained to give it the same meaning given to the differently worded provision in the former statute, and as the policy of this state as evidenced by its statutes and decisions is perhaps more liberal toward the wife than that of New York, we think the decisions cited are not controlling, and that this provision should be given the effect which its language imports if such construction will make our law more complete and harmonious. This state has not followed the narrow rule adopted by New York that the courts have no authority in such matters unless conferred by statute, as is evidenced by the principles recognized and applied in Baier v. Baier, 91 Minn. 165, 97 N. W. 671, and Spencer v. Spencer, 97 Minn. 56, 105 N. W. 483, 2 L. R. A. (N. S.) 856, 114 Am. St. 695, 7 Ann. Cas. 901. If the operation of section 7140 be confined within the narrow limits assigned to the similar section in New York, it accomplished little, for the same relief could have been granted in an equitable action, without the statute, upon the same facts. Baier v. Baier, supra; Stephen v. Stephen, supra.

As said by the Arkansas court from which we have quoted and in 2 Nelson, Divorce, § 979, even those jurisdictions which hold that the court cannot determine the custody of the children where a divorce is denied, concede that such custody may be determined in a proceeding by *habeas corpus,* and it seems a useless circuity to refuse to determine this question in an action in which the parties are before the court and their domestic affairs have been judicially investigated, when the same

question may be presented to and determined by the same court in a different proceeding. We construe section 7140 as authorizing the determination of such questions in the action for divorce or separation, although the divorce or decree of separation be refused.

The children are not responsible for the unfortunate differences which have caused the estrangement and separation of the parents and ought not to suffer therefrom. Their rights do not depend upon the degree of culpability of one or the other parent, and their needs must be provided for, whether the existing conditions have been brought about by the fault of one or the other or of both parents. And we take it that the legislature intended, by this statute, to authorize the courts to make suitable provision for them in those cases to which other statutes did not apply. This construction is in accordance with the fair import of the language used, and makes our statutes, taken as a whole, much more complete and harmonious than would the construction contended for by the defendant.

The court made no allowance for the maintenance of the wife, as her property equals or exceeds that of her husband, but required the husband to contribute $15 per month toward the support of the three children. The duty of the father to provide for his children continues whether he retains custody of them or not, unless the court, in some proceeding in which that question was involved and determined, has made express provision for their support of such a nature as to relieve him from liability other than therein provided. This liability is not limited or controlled by the regulations governing the allowance of alimony to the wife, and we find no ground for interfering with the action of the trial court.

Judgment affirmed.