## KENNETH L, LAMONDA
### vs.
## HAZEL BRUSO LAMONDA

Superior Court      Hartford County      File #48184

Present:   Hon. NEWELL JENNINGS, Judge.

J. H. Peck,             Attorney for the Plaintiff.

Day, Berry & Howard,     Attorneys for the Defendant.

## MEMORANDUM FILED APRIL 1, 1935.

JENNINGS, J. This divorce case was returned to the first Tuesday of March, 1934, and judgment was rendered for the defendant on December 30, 1934. The judgment contained an order that the plaintiff pay $10. each week for the support of his minor child. The child is, and at all times has been, without this State. No payments have been made under this order and the defendant has moved that the plaintiff be found in contempt. The plaintiff opposes the motion on the ground that the court was without jurisdiction to enter the order.

The cases are very much in conflict on the question whether a court can make custodial or support orders after denying a decree of divorce.

The cases of **Davis vs. Davis**, 75 N. Y. 221; **Finlay vs. Finlay**, 240 N. Y. 429 and **Mollring vs. Mollring**, 184 Ia. 464, 167 N. W. 524, clearly deny such authority.

The defendant has cited a very large number of cases contra, all to be found under key number **Section 294, sub verbe Divorce.** All of the cases referred to by the defendant have been examined. Few of them discuss the proposition on principle. Many of them are based on statutory provisions specifically granting authority to take jurisdiction of the custody of children although the divorce is denied. The most inter-

esting case on the list is Jacobs vs. Jacobs, 136 Minn. 190; 161 N. W. 525. In that case also there was a statute giving jurisdiction though the decree was denied but the general proposition was nevertheless fully discussed and many authorities cited.

The most convincing point made in support of the doctrine relied on by the defendant is that, since the question of custody can admittedly be tested by habeas corpus, it should be settled in the divorce action when the parties are before the court and the question has already been litigated. My answer to this claim is that while the question of custody undoubtedly is in issue, it is not the principal question and is often obscured and colored by the litigation of the divorce itself. Furthermore, when a complaint is dismissed, there is the hope and possibility that the parties may be reconciled and again live together. The chances of this occurring should not be jeopardized by awarding the children to one party or the other.

If the question is brought up on habeas corpus, the situation of the parties can be more clearly brought before the court.

The matter does not appear to have been squarely passed on in Connecticut. In Dunham vs. Dunham, 97 Conn. 440, orders as to custody and support are described as incidental to the principal action. In Morgan vs. Morgan, 103 Conn. 189, a divorce was refused on the ground that neither party had resided in this State for three years. The court held that under these circumstances the Superior Court was without jurisdiction to make any order as to the custody of the child.

Our statutes (Sections 5184, 5186) are very broad but for the reasons stated and because the Connecticut decisions appear to me to make the jurisdiction of the Superior Court dependent on the granting of the decree, the motion is denied.