## FRANCES G. BERNSTEIN
vs.
## CHARLES BERNSTEIN

| Superior Court | Middlesex County | File #7002 |
|---|---|---|

Present:   Hon. ERNEST A. INGLIS, Judge.

| Leonard O. Ryan, | Attorney for the Plaintiff. |
|---|---|
| Thomas C. Flood, | Attorney for the Defendant. |

**MEMORANDUM FILED MARCH 16, 1937.**

INGLIS, J. It is apparent that the purposes of the marriage between these parties have been pretty well nullified but that has been brought about by the attitude and conduct of both parties. The wife very obviously has been selfish and self-centered. She has been in poor health partly actual and partly imagined during most of their married life. That condition has made her nervous and irritable. She apparently has never appreciated the fact that to make a marriage successful some self-sacrifice is required on both sides. As a result she has been over-exacting in her demands upon her husband both for his time, his attentions and his money.

The husband on the other hand has been equally selfish and self-centered. His wife's sickness and complaining over physical ills, the fact that her physical and nervous condition has entailed expense for doctors' fees and household help which he may have thought was unnecessary and her dissatisfied attitude have irritated him more than they should. As a result of this irritation he has avoided his wife's company by staying away from home about as much as he could, he has been inconsiderate of his wife's comfort and peace of mind and has not provided support for her to the best of his ability.

Both the husband and wife have unrestrained tempers

which, with the mutual irritation which has developed have gotten them into many violent arguments involving on both sides the calling of names and recriminations back and forth.

The evidence however does not justify a finding that the husband has ever struck his wife or used any physical violence upon her except to restrain her from applying physical violence to him. The husband's conduct although it may have tended to perpetuate and somewhat increase the plaintiff's nervous condition was not the principal cause of that condition. In short the evidence does not justify the conclusion that the defendant has been guilty of intolerable cruelty. On the contrary it compels the conclusion that the plaintiff's conduct was a substantial factor in producing the present state of affairs. It is not intended hereby to ajudicate the question as to whether the wife is justified in living apart from her husband. It is intended simply to ajudicate that the plaintiff is not entitled to a divorce on the ground of intolerable cruelty because in the first place she has sustained no physical injury as a result of the defendant's conduct and in the second place because her own conduct is a part of the cause of the breakup of the marriage.

An examination of the question as to whether, in a divorce case in which the divorce is denied, the court has power to award the custody of children leads to the conclusion that the court has no such power. It has been so held by the Superior Court for Hartford County (Jennings, J.), in **Lamonda vs. Lamonda, 1 Conn. Sup.** 149 and good reasoning supports that conclusion.

Jurisdiction in the matter of the custody of children is peculiarly in the Probate Courts. The Superior Court has jurisdiction in such matters only in habeas corpus proceedings and by virtue of statute. The only statutes which confer jurisdiction over such a question on the Superior Court are **Sections 5184, 5185 and 5188 of the General Statutes, Revision of 1930.** Sections 5185 and 5188 have no application to the present case.

Section 5184 provides that "on any complaint for a divorce, the court may, at any time, make any proper order as to the custody, care and education of the children . . ."

When a statute such as this confers upon one court jurisdiction over subject matter which is otherwise exclusively in an-

other court, that is, the Probate Court, the interpretation of the statute should not be strained so as to extend the jurisdiction to cases which are outside of the purpose of the legislature in adopting the statute. The reason which prompted the legislature to adopt this statute very obviously was that when a husband and wife were divorced, if they had children it became absolutely essential that some provision should be made for the care and custody of the children and the most convenient court for the determination of the question as to care and custody of the children was the court which granted the divorce. Accordingly it was provided that the question of the custody of the children should be decided as incidental to the divorce. If the divorce is denied, on the other hand, the question of the custody of children does not necessarily arise. Indeed, in theory at least, if no ground for divorce exists it is the duty of the parents to continue to live together in most cases and, therefore, the custody of children should remain with them both. Accordingly, it is apparent that the reason which impelled the legislature to provide that the Superior Court should pass orders for the custody of children in divorce cases obtains only in cases in which divorces are granted and does not obtain when the divorce is refused. It follows that the statute is to be interpreted as giving jurisdiction to the Superior Court to pass orders relative to the custody of children only pendente lite and as incidental to the granting of a divorce. It does not give jurisdiction to the Superior Court to pass such orders where the complaint for divorce has been merged into a judgment refusing the divorce.

Dunham vs. Dunham, 97 Conn. 440.

Morgan vs. Morgan, 103 Conn. 189.

Judgment may enter in favor of the defendant denying the divorce and with no order either for alimony or for the custody or support of the children.