[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION TO CORRECT AND MODIFY ARBITRATION AWARD
ISSUE
Should the court grant the plaintiff's application to correct and modify an arbitration award made under General Statutes 42-181 on the ground that the arbitrators have made an evident material miscalculation of figures in determining the award?
FACTS
On February 19, 1993, the plaintiff, Ford Motor Company, filed an application to correct and modify an arbitration award made under General Statutes 42-181. In the application, the plaintiff asserts that the defendant Theresa Miller filed with the Department of Consumer Protection (DCP) a request to arbitrate a dispute involving a defective car that she purchased from the plaintiff. (Application, para. 1). The plaintiff further asserts that the arbitrators made an award in favor of the defendant. (Application, para. 2). The plaintiff has attached a copy of the award to its application. (Application, Exhibit C).
The award shows that a majority of the arbitrators awarded the defendant a refund of the entire contract price and all finance charges on her purchase. (Application, CT Page 6310 Exhibit C, p. 2). In addition, the arbitrators awarded the defendant reimbursements of sales tax, license and dealer fees, attorney and filing fees, repair costs, and the cost of the extended warranty that the defendant purchased. (Application, Exhibit C, p. 2). In return, the arbitrators ordered the defendant to return the car to the plaintiff through its dealer.
In its application, the plaintiff argues that the arbitrators made two errors. First, the plaintiff argues that the arbitrators erred by awarding the plaintiff a refund of the contract price without making a use allowance for the mileage on the car. (Application, p. 5). Second, the plaintiff argues that the arbitrators erred by awarding the plaintiff a refund of all finance charges. (Application, p. 6). The plaintiff argues that the appropriate refund is limited to those charges accruing while the defendant's car was out of service.
On March 15, 1993, the DCP moved to intervene as a party defendant in opposition to the plaintiff's application to correct and modify the award. The DCP filed a memorandum in support of its motion to intervene as well as a memorandum in opposition to the application to correct and modify the award. In the memorandum, the DCP asserts that the arbitrators' award was a proper one, and should not be modified. The court (Sullivan, J.) granted the DCP's motion to intervene on May 25, 1993.
DISCUSSION
When an arbitration award is made under General Statutes42-181, a party may only appeal from the decision in accordance with sections 42-181, and 52-417 to 57-420. The plaintiff claims "evident miscalculation."
 Upon application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures.
General Statutes 52-419(a)(1). CT Page 6311
"Ordinarily, arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators. The duty to arbitrate may be created by contract or statute. Where the parties arbitrate pursuant to statute, the statute itself defines the powers of the arbitrators." (Citations omitted). Chrysler Corp. v. Maiocco, 209 Conn. 579, 591, 552 A.2d 1207 (1989). The arbitration in the present case was statutory arbitration pursuant to Section 42-181. Therefore, the authority of the arbitration is defined by that section.
 The arbitration panel shall base its determination of liability solely on whether the manufacturer has failed to comply with section 42-179. The arbitration decision shall be final and binding as to the rights of the parties pursuant to section 42-179, subject only to judicial review as set forth in this subsection. The decision shall provide appropriate remedies, including, but not limited to one or more of the following:
 (1) Replacement of the vehicle with an identical or comparable new vehicle acceptable to the consumer;
 (2) Refund of the full contract price, plus collateral charges as specified in subsection (d) of said section 42-179;
 (3) Reimbursement for expenses and compensation for incidental damages as specified in subsection (d) of said section 42-179;
 (4) Any other remedies available under the applicable warranties, section 42-179, this section, and sections 42-182 to 42-184, inclusive, or the Magnuson-Moss Warranty-Federal Trade Commission improvement Act . . . other than repair of the vehicle.
(Emphasis added). General Statutes 42-181(c).
While the plaintiff agrees that the arbitrators' authority to make an award is governed by section 42-181(c), the plaintiff asserts that when the arbitrators order refunds or reimbursements, additional limits are imposed on the arbitrators by section 42-179(d). Section 42-179(d) allows the manufacturer of a car, when issuing a refund, to deduct CT Page 6312 a dollar amount reflecting the value of the consumer's use of the car. The amount deducted is dictated by a formula set forth in section 42-179(d). The plaintiff's argument is that by referring to section 42-179 in the refund and reimbursement subparagraphs of section 42-181(c), the legislature incorporated the requirement of section 42-179(d) that the arbitrators adjust their award by making an allowance for the consumer's use of the car. The plaintiff argues that, because the arbitrators' authority is defined by statute, the arbitrator must follow that formula and make a mileage allowance whenever they order a refund or award. Thus, the plaintiff concludes that the arbitrators' failure to follow that formula is an evident material miscalculation, which justifies a modification of the award.
In response, the DCP argues that section 42-181(c) gives the arbitrators broad authority to fashion remedies. The DCP argues that the remedies listed in section 42-181(c) are not exclusive.
"The cardinal rule of statutory construction is that when the words employed by the legislature are clear, they are to be given their commonly approved meaning and further judicial interpretation is not necessary." (Citations omitted). B. F. Goodrich Co. v. Dubno, 196 Conn. 1, 8,490 A.2d 991 (1985). The Supreme Court has held that the language of section 42-181 gives the arbitrators a great degree of discretion in fashioning remedies. See, e.g., Chrysler Corp. v. Maiocco, supra, 595; Motor Vehicle Manufacturers Assn. v. O'Neill, 203 Conn. 63, 78,523 A.2d 486 ("Motor Vehicle Manufacturers Assn I"). The language of section 42-181(c), which allows the arbitrators to fashion any remedy they deem appropriate, does not limit them to the suggested remedies listed in that section. Nor does it limit the arbitrators to any formulas the statute may refer to. The language of the statute is clear: the arbitrators are required to provide such remedies as are appropriate. See Mitsubishi Motor Sales of America v. Hunter, 7 CSCR 122, 123
(December 27, 1991, Fuller, J.); General Motors Corp. v. Prentiss, 2 CSCR 450, 451 (March 11, 1987, Burns, J.); Ford Motor Co. v. Mills, 2 CSCR 274, 275 (January 30, 1987, Emmett, J.); General Motors Corp. v. Prokop, 1 CSCR 150, 151
(December 18, 1986, Berdon, J.); Schoonmaker v. General Motors Corp., 2 CSCR 108, 109 (December 8, 1986, Fracasse, J.). But see Saab Cars USA, Inc. v. Avidan, 6 CSCR 672, CT Page 6313 673 (June 15, 1991, Mulvey, J.).
It is further noted that section 42-181(c)(3) did not adopt verbatim the provisions of section 42-179(d), either by repeating the text thereof or by incorporating by reference the entirety of section 49-179(d). Section42-181(c)(3) does not require the awarding of incidental damages, nor does it require an offset for "use" if incidental damages are awarded. Incidental damages are damage-suffered by the buyer. See Sec. 42-179(d) incorporating Sec. 42a-2-179(d). The legislature chose not to provide a mandatory arbitrary offset of use allowance, which is a potential benefit to the buyer, leaving that to the discretion of the arbitrators on an individual case basis. Section 42-181(c)(3) does not purport to limit the arbitrators to reimbursements for finance charges confined to the periods set forth in section 42-179(d). These matters are properly left to the discretion of the arbitrators.
The arbitrators concluded that the severity of the squeeling [squealing] and front end noise, which was frequent and persistent, rationally produced legitimate anxiety for the safety performance of the vehicle. Further comment need not be made as to the use value of such a vehicle, or the unfairness of having to pay finance charges for the privilege of operating a vehicle in that state of anxiety.
The decision of the arbitrators is supported by substantial evidence in the record and the substantial rights of the moving party have not been prejudiced. The court upholds the award of the arbitrators.
The application to correct and modify is denied.
L. Paul Sullivan, J.